Russell Jay **REGER**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–06–104–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 22, 2007.

Rehearing Overruled March 22, 2007.

Russell Jay Reger, Abilene, pro se.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Chief, Appellate Division, Steven W. Conder, Andrea Jacobs, Asst. Dist. Attys. for Tarrant County, Fort Worth, for appellee.

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

## OPINION

ANNE GARDNER, Justice.

### I. Introduction

Appellant Russell Jay Reger, pro se, appeals from the trial court's denial of his motion for forensic DNA testing. We dismiss in part for want of jurisdiction and affirm in part.

### II. Factual and Procedural Background

On April 12, 1996, a jury convicted Appellant of murder and sentenced him to life imprisonment. On appeal, we affirmed Appellant's conviction in *Reger v. State,* No. 02–96–00217–CR (Tex.App.-Fort Worth July 31, 1997, pet. ref'd) (not designated for publication). On April 28, 2005, Appellant filed a post conviction motion for forensic DNA testing under chapter 64 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp.2006). In his motion, Appellant admitted to shooting the victim but stated that he did so in self-defense. Appellant also claimed that DNA testing of the physical evidence recovered from the scene of the crime would substantiate his self-defense theory by indicating that the shooting occurred while he and the victim were engaged in a struggle. Adopting the State's proposed findings of fact and conclusions of law, the trial court found that identity was not an issue in the case and entered an order denying the motion. *See id.* art. 64.03(a)(1)(B). Although Appellant initially appealed that order to this court, we abated the appeal, at Appellant's request, so that he could file an out-of-time motion for new trial.

Appellant filed his out-of-time motion with the trial court on June 2, 2006. In that motion, Appellant sought to challenge the validity of his underlying conviction by claiming that Judge James Walker, the visiting judge that presided over his 1996 trial, was not constitutionally qualified. According to Appellant, because Judge Walker failed to file an oath of office or an anti-bribery statement from January 1991 through June 1999, he had no authority to preside over Appellant's trial or render a judgment in connection with the case. At a hearing on the motion, the trial court refused to consider any of Appellant's contentions regarding Judge Walker's constitutional qualifications finding that those issues fell outside the scope of the chapter 64 hearing. The court then denied Appellant's motion for new trial and reinstated its original order denying his motion for DNA testing.

### III. Issues Presented

In his first four issues, Appellant asserts that (1) the trial court's order denying his motion for DNA testing is void, (2) the court abused its discretion in failing to consider his contentions regarding Judge Walker's constitutional qualifications, (3) the court erred in finding that identity is not an issue in the case, and (4) article 64.03(a)(1)(B) is unconstitutional on its face and as applied. Additionally, Appellant contends, by way of a fifth issue, that the trial court erred in failing to take judicial notice of facts offered by Appellant to show that Judge Walker was disqualified from presiding over his 1996 trial.

### IV. Jurisdiction

A threshold issue in any case is whether the court has jurisdiction to resolve the pending controversy. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim. App.1996), *overruled on other grounds by State v. Medrano,* 67 S.W.3d 892, 894 (Tex. Crim.App.2002); *Ex parte Armstrong,* 110 Tex.Crim. 362, 366, 8 S.W.2d 674, 676 (1928). Likewise, our jurisdiction is fundamental and must legally be invoked. *Rob-*

*erts,* 940 S.W.2d at 657; *Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Crim.App. 1964) (op. on reh'g). If not legally invoked, we have no power to dispose of the purported appeal in any manner other than to dismiss it for want of jurisdiction. *Olivo v. State,* 918 S.W.2d 519, 523 (Tex. Crim.App.1996).

Chapter 64 of the code of criminal procedure authorizes forensic DNA testing in cases in which the applicant meets the requirements enumerated in the statute. TEX.CODE CRIM. PROC. ANN. art. 64.03. The statute also confers jurisdiction on this court to review a trial court's order regarding post conviction DNA testing in any case in which the death penalty is not imposed. *Id.* art. 64.05; *see Lopez v. State,* 114 S.W.3d 711, 714 (Tex.App.-Corpus Christi 2003, no pet.). In 2003, the legislature broadened the scope of appeals under chapter 64 to include issues pertaining to all articles of chapter 64. *See Wolfe v. State,* 120 S.W.3d 368, 372 (Tex.Crim. App.2003) (explaining that article 64.05 previously permitted an appeal only "of a finding under article 64.03 or 64.04," but that the 2003 amendments now permit an appeal "under this chapter"). However, these amendments do not confer jurisdiction upon this court to entertain collateral attacks on the trial court's judgment or to review, under the guise of a DNA testing appeal, anything beyond the scope of those articles. *See Hooks v. State,* 203 S.W.3d 861, 866 (Tex.App.-Texarkana 2006, pet. filed); *Lopez,* 114 S.W.3d at 714.

■ In this case, Appellant's assertion that the trial court's order denying his request for post conviction DNA testing is void serves as an indirect attack on the validity of his underlying conviction.[1] As stated above, the jurisdiction afforded us under chapter 64 does not extend to collateral attacks on the judgment of conviction or allow us to revisit matters that should have been addressed on direct appeal. *Lopez,* 114 S.W.3d at 714; *see* TEX.CODE CRIM. PROC. ANN. art. 64.05. Although Appellant's contentions regarding the effect of Judge Walker's alleged failure to file an oath of office or anti-bribery statement may be considered by the court of criminal appeals through a properly filed writ of habeas corpus, *see* TEX.CODE CRIM. PROC. ANN. art. 11.07, we have no jurisdiction to consider those issues here. Therefore, we dismiss Appellant's first issue for want of jurisdiction.

■ Moreover, Appellant's second and fifth issues challenge the trial court's refusal to take actions that fall wholly outside the scope of its jurisdiction under chapter 64. *See id.* art. 64.01–.04. As explained by the court of criminal appeals in *State v. Patrick,*

> When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court. The trial court has special or limited jurisdiction to ensure that a higher court's mandate is carried out and to perform other functions specified by statute, such as finding facts in a habeas corpus setting, or as in this case, *determining entitlement* to DNA testing. 86 S.W.3d 592, 594 (Tex.Crim.App. 2002) (emphasis added).

Appellant's complaints regarding the trial court's failure to review Judge Walker's constitutional qualifications and its refusal to take judicial notice of facts offered in support of the judge's disqualification are in no way relevant to the trial court's determination as to whether Appellant is

---

1. In his brief, Appellant contends that his underlying conviction is invalid and that the trial court's order denying his motion for

DNA testing is void as a result of Judge Walker's alleged disqualification.

entitled to post conviction DNA testing. Therefore, because the trial court was without jurisdiction to consider Appellant's contentions, we find that these issues also fall outside the scope our appellate review under article 64.05 and we dismiss them for lack of jurisdiction. *See* TEX.CODE CRIM. PROC. ANN. art. 65.05. Accordingly, we address only Appellant's third issue regarding whether the trial court abused its discretion in finding that identity was not an issue in this case and his fourth issue concerning the constitutionality of article 64.03(a)(1)(B).

## V. Identity Not an Issue

▮▮▮ In reviewing a trial court's decision on a motion for DNA testing, we employ a bifurcated standard of review. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim.App.), *cert. denied*, 543 U.S. 864, 125 S.Ct. 194, 160 L.Ed.2d 106 (2004). We afford almost total deference to the trial court's determination of issues of historical fact and issues of application-of-law-to-fact that turn on credibility and demeanor of witnesses. *See Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App.2002). But we review de novo other issues of application-of-law-to-fact questions that do not turn on the credibility and demeanor of witnesses. *Id.*

▮▮▮A trial court must order DNA testing only if the statutory requirements of article 64.03 are met, that is, only if (1) the evidence still exists and identity was or is an issue in the case; and (2) the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. TEX.CODE CRIM. PROC. ANN. art. 64.03; *Bell v. State*, 90 S.W.3d 301, 306 (Tex.Crim. App.2002). If the evidence no longer exists or if identity was not or is not still an issue in the case, then the trial court can-

not order DNA testing. *See Lewis v. State*, 191 S.W.3d 225, 228–29 (Tex.App.-San Antonio 2005, pet. ref'd).

Despite his admission that he shot and killed the victim, Appellant claims that identity was and continues to be an issue in his case because the identity of the first aggressor was critical to corroborate his self-defense theory. However, this contention fails to raise an issue as to the identity of the perpetrator of the alleged offense, which is required under the plain meaning of article 64.03(a)(1)(B). *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B); *Hooks*, 203 S.W.3d at 864. In this case, Appellant admitted to shooting the victim in his affidavit in support of his motion for DNA testing. Therefore, the trial court did not abuse its discretion in finding that the identity of the perpetrator was not an issue and we overrule Appellant's third issue.

## VI. Constitutionality of Article 64.03(a)(1)(B)

▮▮▮ In his fourth issue, Appellant argues that, if identity is not an issue in this case, article 64.03(a)(1)(B) is unconstitutional on its face and as applied because it deprives all criminal defendants who claim self-defense from obtaining post conviction DNA testing in violation of the equal protection clauses of both the United States and Texas Constitutions.

▮▮▮ A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid. *See Santikos v. State*, 836 S.W.2d 631, 633 (Tex.Crim.App.) (op. on reh'g), *cert. denied*, 506 U.S. 999, 113 S.Ct. 600, 121 L.Ed.2d 537 (1992). In this case, Appellant's facial challenge fails for the simple reason that the United States Constitution does not require the State to provide post

conviction DNA testing to any convicted person. *See Kutzner v. Montgomery Co.,* 303 F.3d 339, 340 (5th Cir.2002); *Harvey v. Horan,* 278 F.3d 370, 375–76 (4th Cir. 2002). Furthermore, Appellant cites no authority for the existence of this requirement under the Texas Constitution. In fact, the Texas Constitution provides that appellate review of criminal convictions may be limited by the legislature. *See Phynes v. State,* 828 S.W.2d 1, 2 (Tex. Crim.App.1992); *Henderson v. State,* 132 S.W.3d 112, 114 (Tex.App.-Dallas 2004, no pet.). Therefore, Appellant cannot establish that the statute operates unconstitutionally as to all convicted persons.

Moreover, chapter 64 does not guarantee all convicted defendants a right to DNA testing; rather, it simply ensures that all defendants have access to DNA testing by guaranteeing them a right to file a motion requesting that relief. *See Bell,* 90 S.W.3d at 306–07. In this case, nothing precluded Appellant from filing his motion requesting DNA testing, and he was no more, or less, entitled to a favorable ruling on that motion than any other criminal defendant filing a similar request. *See id.* Thus, Appellant's equal protection argument also fails and we overrule his fourth issue.

## VII.   Conclusion

Having overruled Appellant's third and fourth issues, we affirm the trial court's denial of the motion for post conviction DNA testing. Additionally, we dismiss the remainder of Appellant's issues for want of jurisdiction.