COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-248-CR

 

WILLIAM
JERMAINE HIBLER                                                          APPELLANT

 

   V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                              ------------

 

            FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------      








In
November 1998, a jury found Appellant William Jermaine Hibler guilty of sexual
assault and assessed his punishment at ten years=
confinement.  In November 2005 and in May
2006, Hibler filed pro se motions for post-conviction DNA testing.  The State filed a motion requesting that the
trial court deny Hibler=s motion for post-conviction DNA
testing because identity was not an issue at trial.  Thereafter, the trial court denied Hibler=s motion
for DNA testing and adopted the State=s
proposed findings of fact and conclusions of law.  Hibler appeals from the trial court=s order
denying his motion for post-conviction DNA testing.  We will affirm.

Hibler=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief.  This court provided Hibler the opportunity to
file a pro se brief, which Hibler declined. 

Once an
appellant=s court-appointed appellate counsel
files a motion to withdraw on the ground that the appeal is frivolous and
fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record and to essentially rebrief
the case for the appellant to see if there is any arguable ground that may be
raised on the appellant=s behalf.  Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991).








Texas
Code of Criminal Procedure article 64.03 sets forth the requirements that must
be met before an applicant is entitled to post-conviction DNA testing.  Tex.
Code Crim. Proc. Ann. art. 64.03 (Vernon 2006).  Specifically, a convicting court may order
forensic DNA testing only if the court finds that (a) the evidence still
exists, is in a condition making DNA testing possible, and has been subjected
to a chain of custody and (b) identity was or is an issue in the case.  Id. art. 64.03(a)(1).  Hibler=s
appellate counsel contends that any appeal from the trial court=s
determination would be frivolous because identity was not at issue in the
trial.  

The
record reveals that Hibler=s
voluntary statement was admitted during the trial.  In his statement, Hibler states that he and
the victim Amade love,@ that
they were interrupted, and that the victim Awanted
to have sex again.@ 
Thus, Hibler did not claim that he did not have sex with the victim but
rather that the sex between the two was consensual.  Hibler=s trial
counsel echoed this defense at the close of trial; he did not argue that Hibler
was not the individual who sexually assaulted the victim but rather that the
victim consented to having sex with Hibler. 
Moreover, in Hibler=s
November 2005 motion for post-conviction DNA testing, he failed to raise an
issue as to the identity of the perpetrator by claiming merely that he did not
sexually assault the victim. 








The
trial court considered Hibler=s motion
for post-conviction DNA testing, denied the motion, and adopted the State=s
proposed findings of facts and conclusions of law.  Included within those findings and
conclusions was a finding that identity was not an issue in this case and that
Hibler is not entitled to DNA testing. 

Because
the record does not reveal that identity was at issue, we hold that the trial
court could not have abused its discretion by denying Hibler=s motion
for post-conviction DNA testing.  See
Reger v. State, 222 S.W.3d 510, 514 (Tex. App.CFort
Worth 2007, pet. ref=d) (holding that trial court did
not abuse its discretion by finding that identity of perpetrator was not in
issue when appellant admitted to shooting the victim in his affidavit).  Thus, any appeal from the trial court=s order
would be frivolous.  Accordingly, we
affirm the trial court=s order and grant counsel=s motion
to withdraw.

 

                

                        PER CURIAM

                        

 

PANEL F: WALKER, J.;
CAYCE, C.J.; and HOLMAN, J.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: September 20,
2007











[1]See Tex. R. App. P. 47.4.