COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-248-CR

WILLIAM JERMAINE HIBLER APPELLANT

 V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

In November 1998, a jury found Appellant William Jermaine Hibler guilty of sexual assault and assessed his punishment at ten years’ confinement.  In November 2005 and in May 2006, Hibler filed pro se motions for post-conviction DNA testing.  The State filed a motion requesting that the trial court deny Hibler’s motion for post-conviction DNA testing because identity was not an issue at trial.  Thereafter, the trial court denied Hibler’s motion for DNA testing and adopted the State’s proposed findings of fact and conclusions of law.  Hibler appeals from the trial court’s order denying his motion for post-conviction DNA testing.  We will affirm.

Hibler’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court provided Hibler the opportunity to file a pro se brief, which Hibler declined. 

Once an appellant’s court-appointed appellate counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on the appellant’s behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Texas Code of Criminal Procedure article 64.03 sets forth the requirements that must be met before an applicant is entitled to post-conviction DNA testing.  
Tex. Code Crim. Proc. Ann.
 art. 64.03 (Vernon 2006).  Specifically, a convicting court may order forensic DNA testing only if the court finds that (a) the evidence still exists, is in a condition making DNA testing possible, and has been subjected to a chain of custody and (b) identity was or is an issue in the case.  
Id.
 art. 64.03(a)(1).  Hibler’s appellate counsel contends that any appeal from the trial court’s determination would be frivolous because identity was not at issue in the trial.  

The record reveals that Hibler’s voluntary statement was admitted during the trial.  In his statement, Hibler states that he and the victim “made love,” that they were interrupted, and that the victim “wanted to have sex again.”  Thus, Hibler did not claim that he did not have sex with the victim but rather that the sex between the two was consensual.  Hibler’s trial counsel echoed this defense at the close of trial; he did not argue that Hibler was not the individual who sexually assaulted the victim but rather that the victim consented to having sex with Hibler.  Moreover, in Hibler’s November 2005 motion for post-conviction DNA testing, he failed to raise an issue as to the identity of the perpetrator by claiming merely that he did not sexually assault the victim. 

The trial court considered Hibler’s motion for post-conviction DNA testing, denied the motion, and adopted the State’s proposed findings of facts and conclusions of law.  Included within those findings and conclusions was a finding that identity was not an issue in this case and that Hibler is not entitled to DNA testing. 

Because the record does not reveal that identity was at issue, we hold that the trial court could not have abused its discretion by denying Hibler’s motion for post-conviction DNA testing.  
See Reger v. State
, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref’d) (holding that trial court did not abuse its discretion by finding that identity of perpetrator was not in issue when appellant admitted to shooting the victim in his affidavit).  Thus, any appeal from the trial court’s order would be frivolous.  Accordingly, we affirm the trial court’s order and grant counsel’s motion to withdraw.

 

 PER CURIAM

 

PANEL F: WALKER, J.; CAYCE, C.J.; and HOLMAN, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: September 20, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.