COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                        NO. 2-09-149-CV

 

IN RE SADIQ ADELEKE                                                            RELATOR

 

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------

The
court has considered Relator Sadiq Adeleke=s
petition for writ of mandamus and is of the opinion that relief should be
denied.

To the
extent that Relator complains of matters pertaining to his final conviction,
the Texas Court of Criminal Appeals has exclusive jurisdiction.  See Board of Pardons & Paroles ex.
rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483
(Tex. Crim. App.1995); In re Briscoe, 230 S.W.3d 196, 196 (Tex. App.CHouston
[14th Dist.] 2006, orig. proceeding) (stating that courts of appeal have no
jurisdiction over post‑conviction writs of habeas corpus in felony
cases); see also Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2008).








To the
extent that Relator complains of the trial court=s
failure to conduct a hearing on his motion for DNA testing, Chapter 64 does not
expressly require a hearing before the trial court determines whether to order
DNA testing; rather it appears to contemplate that the decision may be made on
the basis of the applicant=s motion
and supporting affidavit and the State=s
written response.  See Tex. Code
Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2008); In re Fain, 83 S.W.3d
885, 888 (Tex. App.CAustin 2002, no pet.).  To the extent that Relator complains of the
trial court=s denial of his motion for DNA
testing on December 11, 2008, the denial of a motion for DNA testing is
appealable.  See Tex. Code Crim.
Proc. Ann. art. 64.05 (Vernon 2006); Reger v. State, 222 S.W.3d 510, 513
(Tex. App.CFort Worth 2007, pet. ref=d); Lopez
v. State, 114 S.W.3d 711, 714 (Tex. App.CCorpus
Christi 2003, no pet.).  Accordingly,
Relator had an adequate remedy by appeal but failed to pursue it.








To the
extent that Relator complains of the trial court=s
failure to conduct a hearing on his motion for new trial, nothing in the record
indicates that this motion has been presented to the trial court.  Presentment of the motion to the trial court
is a prerequisite to mandamus relief.  See
O=Connor
v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (orig.
proceeding) (AMandamus will issue when there
is a legal duty to perform a non‑discretionary act, a demand for
performance, and a refusal.@); In
re Chavez, 62 S.W.3d 225, 228 (Tex. App.CAmarillo
2001, orig. proceeding) (AIndeed, one can hardly be
faulted for doing nothing if he were never aware of the need to act.@).  Additionally, whether a trial court abuses
its discretion by not holding a hearing on a motion for new trial is
appealable.  See, e.g., Lemmons v.
State, No. 02-04-00086-CR, 2005 WL 1356270, at *1 (Tex. App.CFort
Worth June 9, 2005, pet. ref=d) (mem.
op., not designated for publication) (holding trial court did not abuse
discretion by not holding hearing).

Accordingly,
Relator=s
petition for writ of mandamus is denied.

 

PER CURIAM

 

 

PANEL: 
MCCOY, GARDNER, and WALKER, JJ. 

DELIVERED: 
July 28, 2009











     [1]See
Tex. R. App. P. 47.4.