02-11-214-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00214-CR

 

 


 
 
 Eric Randall Hinkle
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 372nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Eric Randall Hinkle of aggravated sexual assault of a
child, and we affirmed the conviction.  See Hinkle v. State, No.
02-98-00542-CR (Tex. App.—Fort Worth Feb. 3, 2000, pet. ref’d) (not designated
for publication).  Hinkle then filed a post-conviction motion for forensic DNA
testing under chapter 64 of the code of criminal procedure, claiming that DNA
testing of physical evidence obtained from the victim would exonerate him.  See
Tex. Code Crim. Proc. Ann. art. 64.01 (West 2006 & Supp. 2012).  The trial
court adopted the State’s proposed findings of fact and conclusions of law,
finding that no evidence existed to permit DNA testing, and rendered an order
denying the motion.[2]  See id. art.
64.03(a)(1)(A) (West Supp. 2012).

In the
sole issue in this pro se appeal, Hinkle asserts that the trial court’s order
denying his motion for DNA testing is void because his underlying
conviction and judgment did not comply with article 42.01, section 1(27) of the
code of criminal procedure, requiring him to register as a sex offender.[3]
 However, Hinkle’s argument is a collateral attack on the validity of
his underlying conviction, and the jurisdiction afforded us under chapter 64
does not extend to such collateral attacks or allow us to revisit matters that
should have been addressed on direct appeal.[4]  See Reger v.
State, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref’d) (holding
that appellate jurisdiction under chapter 64 does not include collateral
attacks on the judgment of conviction), cert. denied, 552 U.S. 1117 (2008);
see also Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006).  Therefore,
because we lack jurisdiction to consider Hinkle’s sole issue, we dismiss his
appeal.  See Reger, 222 S.W.3d at 513.

 

 

PER CURIAM

 

PANEL: 
MCCOY, GARDNER,
and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 4, 2012

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00214-CR

 

 


 
 
 Eric
 Randall Hinkle
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (0708720R)
  
 October
 4, 2012
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed for
want of jurisdiction.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM








 

 









[1]See Tex. R. App. P. 47.4.





[2]The trial court found that
no testable evidence was obtained from the complainant because she had made a
delayed outcry and because she had been subjected to digital penetration.





[3]To the extent that Hinkle
complains about the trial court procedure in handling his motion for DNA
testing, the court complied with chapter 64.  Additionally, Hinkle’s reference
to the legislature’s 2001 retroactive amendment of article 42, section 1(27) is
unfounded as no such amendment exists.





[4]Hinkle’s collateral attack
on the trial court’s judgment may only be considered by the trial court and
court of criminal appeals through an application for writ of habeas corpus.  See
Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012).