

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00214-CR

ERIC RANDALL HINKLE                                           APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Eric Randall Hinkle of aggravated sexual assault of a child, and we affirmed the conviction. *See Hinkle v. State*, No. 02-98-00542-CR (Tex. App.—Fort Worth Feb. 3, 2000, pet. ref'd) (not designated for publication). Hinkle then filed a post-conviction motion for forensic DNA testing under chapter 64 of the code of criminal procedure, claiming that DNA testing of physical evidence obtained from the victim would exonerate him. *See* Tex. Code

---

[1]*See* Tex. R. App. P. 47.4.

Crim. Proc. Ann. art. 64.01 (West 2006 & Supp. 2012). The trial court adopted the State's proposed findings of fact and conclusions of law, finding that no evidence existed to permit DNA testing, and rendered an order denying the motion.[2] *See id.* art. 64.03(a)(1)(A) (West Supp. 2012).

In the sole issue in this pro se appeal, Hinkle asserts that the trial court's order denying his motion for DNA testing is void because his underlying conviction and judgment did not comply with article 42.01, section 1(27) of the code of criminal procedure, requiring him to register as a sex offender.[3] However, Hinkle's argument is a collateral attack on the validity of his underlying conviction, and the jurisdiction afforded us under chapter 64 does not extend to such collateral attacks or allow us to revisit matters that should have been addressed on direct appeal.[4] *See Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd) (holding that appellate jurisdiction under chapter 64 does not include collateral attacks on the judgment of conviction), *cert. denied*, 552 U.S. 1117 (2008); *see also* Tex. Code Crim. Proc. Ann. art.

[2]The trial court found that no testable evidence was obtained from the complainant because she had made a delayed outcry and because she had been subjected to digital penetration.

[3]To the extent that Hinkle complains about the trial court procedure in handling his motion for DNA testing, the court complied with chapter 64. Additionally, Hinkle's reference to the legislature's 2001 retroactive amendment of article 42, section 1(27) is unfounded as no such amendment exists.

[4]Hinkle's collateral attack on the trial court's judgment may only be considered by the trial court and court of criminal appeals through an application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012).

64.05 (West 2006). Therefore, because we lack jurisdiction to consider Hinkle's sole issue, we dismiss his appeal. *See Reger*, 222 S.W.3d at 513.

PER CURIAM

PANEL: MCCOY, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 4, 2012