**Affirmed and Memorandum Opinion filed December 20, 2012.**



In The

## Fourteenth Court of Appeals

_____

### NO. 14-12-00482-CR

_____

**LAWRENCE WAYNE ATKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 34410**

## M E M O R A N D U M   O P I N I O N

Appellant Lawrence Wayne Atkins appeals from the trial court's order denying his motion for DNA testing. We affirm.

### Background

Appellant was convicted of aggravated sexual assault and prohibited sexual conduct. This court affirmed his convictions in 2001. *Atkins v. State*, 14-98-

01368-CR; 2001 WL 459877 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Appellant was convicted of sexually assaulting his mother. He consented to giving DNA samples, which were matched with the specimens taken from the victim. Appellant confessed the crime to a neighbor and an investigating officer.

In the appeal of his conviction, appellant challenged the sufficiency of the evidence to support his conviction. *Id.* at *5. Appellant claimed that absent the confession and the blood and hair specimens, the only evidence the State had was the unsworn statement of the victim who repudiated her statement in court. *Id.* This court determined appellant's confession and blood and hair specimens were admissible. Further, this court determined the evidence was sufficient to support appellant's conviction. *Id.*

On January 20, 2012, appellant filed a motion to request forensic DNA testing pursuant to article 64.01 of the Texas Code of Criminal Procedure. In his motion, appellant alleged the DNA tests were incorrectly performed. The trial court denied appellant's motion finding identity was not an issue and appellant failed to show reasonable grounds for the appointment of counsel as required by article 64.01(c) of the Code of Criminal Procedure. On appeal, appellant asserts he is entitled to DNA testing because he has met all the statutory requirements of article 64.01.

**Chapter 64 and the Standard of Review**

Under Texas Code of Criminal Procedure chapter 64, a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a). To order testing, the court must first find that identity was or is an issue in the case. *See id.* art. 64.03(a)(1). Moreover, the convicted person must establish by a preponderance of the evidence that he would not have been convicted if

exculpatory results had been obtained through DNA testing, and that the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. *Id.* art. 64.03(a)(2).

An indigent convicted person who intends to file a motion for post-conviction DNA testing has a limited right to appointed counsel conditioned on the trial court's finding "that reasonable grounds exist for the filing of a motion." *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). Appointment of counsel in a post-conviction DNA proceeding is determined by three criteria: (1) defendant must inform the convicting court that he wishes to submit a motion for DNA testing; (2) the convicting court must find that "reasonable grounds" exist for filing a DNA motion; and (3) the convicting court must find that the movant is indigent. *Id.* If all of the prerequisites set out above are met, the convicting court must order testing. Then, after "examining the results of testing under Article 64.03, the convicting court must hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." Tex. Code Crim. Proc. Ann. art. 64.04.

In reviewing the trial court's Chapter 64 rulings, this court gives almost total deference to the court's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but we consider de novo all other application-of-law-to-fact questions. *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

### Identity Not an Issue

Appellant argues on appeal that he has met the requirements of chapter 64 for DNA testing. He argues that modern DNA testing methods may yield a different result than the results admitted in his trial in 1998. A trial court must

3

order DNA testing only if the statutory requirements of article 64.03 are met, that is, only if (1) the evidence still exists and identity was or is an issue in the case; and (2) the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Proc. Ann. art. 64.03; *Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). If identity was not or is not still an issue in the case, then the trial court cannot order DNA testing. *Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd). Identity must be in question without considering the possible results of DNA testing. *Bell v. State*, 90 S.W.3d at 308. In *Bell*, the Court of Criminal Appeals held that identity was not an issue, regardless of the defendant's plea of not guilty, because the defendant confessed to the charged offense. *Id*.

In his motion in the trial court, appellant alleged that DNA testing results "would produce a 51% or more likelyhood [sic] that the charge in the indictment is incorrect or it would establish and confirm the alleged charge as true." In his affidavit attached to the motion, appellant alleges that his identity is at issue because "the elements of the States [sic] indictment were not proven by 'DNA testing.'" In its response, the State referred to the record of appellant's trial in which the investigating officer and the victim's neighbor testified that the victim, appellant's mother, told them that appellant sexually assaulted her twice. At trial, the victim stated she did not remember what happened, that appellant was intoxicated, and she could not recall being sexually assaulted. She remembered that appellant threatened to assault her, but testified that she fabricated the charge to get her son out of her house. She admitted telling her neighbor that appellant sexually assaulted her, but also testified that she did not want her son to go to prison. Appellant gave a detailed, written confession to police admitting the sexual

4

assault. Sperm samples obtained from the victim's vagina and rectum matched appellant's DNA, as did sperm samples obtained from a blanket in the victim's home. A Department of Public Safety crime lab analyst testified that the probability that the DNA would belong to someone else was one in 840 Caucasians. In denying appellant's motion for DNA testing, the trial court found that appellant "failed to establish that identity is or was an issue in the case."

Because appellant confessed to sexually assaulting his mother, identity was not an issue in his conviction. *See Bell*, 90 S.W.3d at 308; *Baggett v. State*, 110 S.W.3d 704, 707 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (identity not an issue when appellant admitted being with victim and perpetrating a crime, but did not admit sexual assault). Moreover, DNA results admitted at appellant's trial showed that he was the individual who committed the offense. Therefore, the trial court was not required to order DNA testing.

### Appointment of Counsel

Appellant contends that the trial court abused its discretion by refusing to appoint counsel to assist him in seeking post-conviction forensic DNA testing.

Article 64.01(c) provides that a trial court

> shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under [Chapter 64], the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent.

Tex. Code Crim. Proc. Ann. art. 64.01(c).

An indigent convicted person intending to file a motion for post-conviction DNA testing now has a limited right to appointed counsel. *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). Though a convicted person need not prove entitlement (or a prima facie case of it) to DNA testing as a precondition for

5

obtaining appointed counsel, whether "reasonable grounds" exist for testing necessarily turns on what is required for testing. *Id.* at 891. Basic requirements are that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i).

Because identity was not an issue, appellant did not demonstrate reasonable grounds for the motion to be filed. Thus, the trial court was not required to appoint counsel to represent him. Appellant's issues on appeal are overruled.

The judgment of the trial court is affirmed.


PER CURIAM


Panel consists of Justices Seymore, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).