

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00145-CR

### EX PARTE MOHAMID MAHDI ADBULKADIR

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 52,665-C, Honorable Ana Estevez, Presiding

July 11, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Mohamid Mahdi Abdulkadir, appeals from an order of the trial court denying his request for post-conviction forensic DNA testing.[1] Appellant brings forth one issue claiming that the trial court abused its discretion in denying his request for testing. We will affirm.

Factual and Procedural Background

Appellant was indicted on March 22, 2006, for the offense of aggravated sexual assault of a child.[2] Pursuant to a plea bargain agreement, appellant pleaded guilty to

---

[1] See TEX. CODE CRIM. PROC. Ann. ch. 64 (West 2006 & Supp. 2012).

[2] See TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2012).

the offense on September 2, 2008, and was sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for ten years by a judgment filed on September 9, 2008. Subsequently, on March 6, 2012, appellant filed his "Motion for Forensic Examination or in the Alternative Request for Previously DNA Testing." The State filed a response requesting the trial court to deny the request. On March 29, 2012, the trial court entered its order denying appellant's request. The trial court's order denying appellant's motion found that he had "failed to demonstrate that he is entitled to post-conviction forensic DNA testing. . . pursuant to [Chapter] 64 of the Texas Code of Criminal Procedure." This appeal followed.

Through one issue, appellant contends that the trial court abused its discretion in denying either appellant's request for subsequent DNA testing or, in the alternative, for discovery of the results of the previous DNA testing. Disagreeing with appellant, we will affirm the order of the trial court.

Analysis

There was no evidence presented in this case; therefore, we review the trial court's order *de novo*. See Rivera v. State, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002).

The requirements of a motion for forensic DNA testing are set forth in article 64.01 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 64.01.[3] In relevant part, art. 64.01:

> (a-1) A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. The

---

[3] Further reference to the Texas Code of Criminal Procedure will be by reference to "Article ____" or "art. ____."

2

motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion.

Appellant submitted his motion for forensic DNA testing; however, there was no accompanying affidavit, or even an unsworn declaration, setting forth a statement of facts in support of the motion. Contained within the motion, in paragraph V, in what we construe to be the statement of facts in support of his motion, was the following statement: "Identity is not an issue in this case."

Article 64.03, "Requirements; Testing," sets forth when a convicting court may order forensic DNA testing. See art. 64.03. We are drawn to the provision that says the convicting court may order "testing under this chapter only if: (1) the court finds that: (B) identity was or is an issue in the case." art. 64.03(a)(1)(B). Nothing in the record before us alleges, much less attempts to show, that identity was or is an issue in the case. Therefore, the basic requirements for post-conviction forensic DNA testing have not been met. See Atkins v. State, No. 14-12-00482-CR, 2012 Tex. App. LEXIS 10500, at *4 (Tex.App.—Houston [14th Dist] Dec. 20, 2012, pet ref'd) (citing Reger v. State, 222 S.W.3d 510, 514 (Tex.App.—Fort Worth 2007, pet. ref'd)). Because identity was not an issue, the trial court's decision to deny appellant's motion was correct. Appellant's issue is overruled.

## Conclusion

Having overruled appellant's single issue, the trial court's order denying the motion for post-conviction forensic DNA testing is affirmed.

Per Curiam

Do not publish.

3