

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00234-CR

CURTIS SHEPPARD, JR.                                           APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

----------

### MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Curtis Lee Sheppard, Jr. appeals from the order denying his chapter 64 motions for forensic DNA testing.[2]  We will affirm.

----

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. art. 64.01 (West 2012).

## II. BACKGROUND

A jury found Sheppard guilty of possession of more than one but less than four grams of cocaine, and the trial court sentenced him to fifty years' confinement. The Dallas court of appeals affirmed his conviction on December 14, 2011. *Sheppard v. State*, No. 05-11-00852-CR, 2011 WL 6228341, at *6 (Tex. App.—Dallas Dec. 14, 2011, pet. ref'd) (not designated for publication). On April 27 and May 1, 2012, Sheppard filed motions pursuant to chapter 64 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 64.01. Without holding a hearing, the trial court denied his motions, and this appeal followed. *See* Tex. Crim. Proc. Code Ann. art. 64.05 (West 2006) ("An appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter, except that if the convicted person was convicted in a capital case and was sentenced to death, the appeal is a direct appeal to the court of criminal appeals.").

## III. CHAPTER 64 MOTION

In his sole issue, Sheppard argues that the trial court erred by denying his chapter 64 motions and asserts that he should have been allowed to use these motions as a vehicle to retest the weight of the controlled substance admitted into evidence at his trial because, according to Sheppard, it is "the only way to test 'powder cocaine.'"

When a defendant makes a motion for post-conviction forensic DNA testing of evidence, it only concerns the testing of biological material as defined

2

in chapter 64 of the Texas Code of Criminal Procedure. *Id.* art. 64.01(a)(1). A convicting court may order forensic DNA testing only of evidence containing biological material if: (1) the court finds that the evidence still exists, is in a condition making DNA testing possible, and has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; (2) identity was or is an issue in the case; (3) the convicted person establishes by a preponderance of the evidence that a reasonable probability exists he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing; and (4) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or the administration of justice. *Id.* art. 64.03(a) (West Supp. 2012); *Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet ref'd), *cert. denied*, 552 U.S. 1117 (2008).

In this case, Sheppard is attempting to use his chapter 64 motions to test the amount of a controlled substance and not DNA. This he cannot do. *See Jones v. State*, No. 13-05-00718-CR, 2006 WL 1919823, at *3 (Tex. App.— Corpus Christi July 13, 2006, pet. ref'd) (not designated for publication) (testing to determine weights and types of cocaine is beyond the scope of chapter 64, which does not authorize DNA testing of non-biological material). Because Sheppard's motions did not meet the requirements of chapter 64, the trial court did not err by denying his motions. *See Reger*, 222 S.W.3d at 513. We therefore overrule his sole issue.

3

## IV. CONCLUSION

Having overruled his sole issue on appeal, we affirm the trial court's order.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 11, 2013