

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00178-CR

RUSSELL JAY REGER                                      APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 0579930D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Russell Jay Reger appeals the denial of his second motion for forensic DNA testing. We affirm.

### Relevant Facts

On April 2, 1995, Appellant and his girlfriend were engaged in sexual relations when Appellant ripped off her shirt. The girlfriend's seven-year-old

---

[1]*See* Tex. R. App. P. 47.4.

daughter thought that Appellant was hurting her mother and called her grandmother for help. A few minutes later, the little girl's father called to ask his daughter what was wrong. She was crying and asked her father to come get her. Appellant picked up the extension telephone, and when the father told Appellant that he was coming to get his daughter, Appellant replied that he would be waiting for him. Appellant grabbed and loaded his 30-30 rifle and left the house to wait for the father on a nearby street corner. When the father arrived with his girlfriend and opened the passenger door to get out of the car, Appellant fired across the car, shooting the father in the chest. Appellant shot him three more times, finishing with a shot into the back of the father's head. The medical examiner testified that although any of the gunshot wounds could have been fatal, the final shot "virtually destroyed about the back three-fourths of the brain." Appellant returned to his house, sat for a while in a closet, and then began tearing up the house and throwing furniture out the window. The police arrested him hours later. Appellant admitted to shooting and killing the father, but he claimed that he did so in self-defense.

A jury convicted Appellant of murder and assessed his punishment at life in prison. The trial court sentenced him accordingly. This court affirmed Appellant's conviction on direct appeal. *See Reger v. State*, No. 02-96-00217-CR (Tex. App.—Fort Worth July 31, 1997, pet. ref'd) (not designated for publication).

Appellant filed his original motion for postconviction forensic DNA testing in 2005. The trial court denied his motion. This court affirmed the trial court's decision. *See Reger v. State*, 222 S.W.3d 510, 512 (Tex. App.—Fort Worth 2007, pet. ref'd) (*Reger I*), *cert. denied*, 552 U.S. 1117 (2008).

On February 10, 2012, Appellant filed a subsequent motion for postconviction forensic DNA testing. In that motion and the attached affidavit, Appellant admitted shooting the complainant. He filed several other motions, including a motion for appointment of counsel, which the Honorable Robb Catalano denied on February 16, 2012. On March 13, 2012, the Honorable Jerry Woodlock, sitting for Judge Catalano, signed an order proposed by the State, which included a finding that Appellant's identity as the perpetrator was not at issue. But the order itself re-denied the appointment of counsel; it did not deny the subsequent motion for DNA testing.

Appellant filed a notice of appeal from that order. But on September 10, 2012, this court abated that appeal to the trial court because the order signed by Judge Woodlock did not appear to be an appealable order, thus rendering his notice of appeal prematurely filed. *See* Tex. R. App. P. 27.1(b). Judge Catalano signed an order denying Appellant's subsequent motion for postconviction forensic DNA testing on September 13, 2012.

Appellant brings five issues on appeal.

## Plenary Power of the Trial Court

In his first issue, Appellant argues that the trial court "lost its plenary power jurisdiction" on May 29, 2012, when his motion for new trial was overruled by operation of law, and, consequently, all subsequent orders and proceedings performed are void *ab initio.* He contends that the August 14, 2012 order denying his motion to recuse Judge Catalano[2] and that the September 13, 2012 order denying his request for DNA testing are void because they were entered more than 75 days after he had filed his motion for new trial, which was overruled by operation of law.

An interlocutory order denying the appointment of counsel in a postconviction proceeding for DNA testing is not an immediately appealable order. *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010). Thus, Appellant's notice of appeal from Judge Woodlock's order was prematurely filed. *See* Tex. R. App. 27.1(b) ("In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, . . . *the appealable order is signed by the trial court.*" (emphasis added)). Rather than dismiss the appeal, we abated it for the trial court to render a final, appealable order. *Cf. State v. Vardeman,* No. 05-13-00241-CR, 2013 WL 4033796, at *4 (Tex. App.—Dallas Aug. 8, 2013, no pet.) (mem. op., not designated for publication) (noting that trial

---

[2]Appellant filed this motion in April 2012, on the same day as his notice of appeal of Judge Woodlock's order and his motion for new trial. Although Judge Jeff Walker heard the motion in June 2012, he did not sign the order denying the motion until August 14, 2012.

court retains jurisdiction to render orders in underlying proceedings during pendency of appeal from interlocutory order); *Meineke v. State*, 171 S.W.3d 551, 558 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) ("While filing a notice of appeal properly invokes the appellate court's jurisdiction, it does not automatically terminate the trial court's jurisdiction.") (footnote omitted).  Because Judge Woodlock's order was interlocutory, the trial court retained jurisdiction to render a final order; thus, Judge Catalano's and Judge Walker's orders are not void *ab initio*.  *See, e.g.*, *Turner v. State*, No. 12-02-00168-CR, 2003 WL 22240324, at *1–2 (Tex. App.—Tyler Sept. 30, 2003, no pet.) (mem. op., not designated for publication).

Appellant also questions this court's authority to abate this case for an order on his subsequent request for DNA testing.  This court properly abated the appeal to permit the trial court to render a final, appealable order.  *See* Tex. R. App. P. 27.1(b), 44.4; *Dewalt v. State*, 417 S.W.3d 678, 685 n.32 (Tex. App.—Austin 2013, pet. ref'd); *Ex parte Crenshaw*, 25 S.W.3d 761, 764 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).  We overrule Appellant's first issue.

### Qualifications and Authority of the Judges

In his second issue, Appellant argues that Judge Catalano was disqualified from presiding over his DNA motion; that regional administrative judge, Judge Jeff Walker, improperly denied his motion to recuse Judge Catalano; and that Judge Woodlock was not qualified to rule on Appellant's motions.

5

**Judge Catalano**

An order denying a motion to recuse may be reviewed for an abuse of discretion on appeal. *Green v. State*, 374 S.W.3d 434, 445 (Tex. Crim. App. 2012). Appellant contends that Judge Catalano was disqualified from ruling on his DNA request because Judge Catalano had previously served as an assistant criminal district attorney with the Tarrant County Criminal District Attorney's Office. A judge is disqualified from hearing a case "wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case," Tex. Const. art. V, § 11, or "where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree, as determined under Chapter 573, Government Code." Tex. Code Crim. Proc. Ann. art. 30.01 (West 2006). The Texas Court of Criminal Appeals has interpreted these two provisions, explaining that, as applied to former prosecutors, a judge is disqualified only if the record affirmatively demonstrates that the judge actively participated as a prosecutor in the very case at bar. *Gamez v. State*, 737 S.W.2d 315, 319 (Tex. Crim. App. 1987). The mere fact that a judge served as an assistant district attorney while a defendant's case was pending does not disqualify that judge. *Id.*

6

Judge Jeff Walker, the administrative judge, heard the motion to recuse and denied the motion based on the evidence presented. The judgment of conviction and the criminal docket list two prosecuting attorneys, Fred Rabalais and Tim Bednarz. Bednarz and former prosecutor Steve Gordon testified that they and Fred Rabalais were the only assistant criminal district attorneys who worked on Appellant's prosecution. The State points out in its brief that the State Bar of Texas website shows that Judge Catalano did not become a licensed attorney until May 1996, after Appellant's trial. *See* For the Public: Find, STATE BAR OF TEXAS, http://www.texasbar.com (last visited Sept. 15, 2014). Because the record amply supports his ruling, Judge Walker did not abuse his discretion in denying Appellant's motion to recuse Judge Catalano. *See Gamez*, 737 S.W.2d at 319.

Appellant also contends that Judge Catalano was biased and prejudiced against him because he had a personal relationship with Fred Rabalais and because Judge Catalano was involved in a conspiracy to deprive Appellant of his DNA rights. Nothing in the record supports Appellant's contentions.

**Judge Woodlock**

Appellant argues that Judge Woodlock was not qualified to sign any orders relating to his motion for DNA testing because Judge Woodlock did not have a "current" oath of office and anti-bribery statement. The record reflects that Judge Woodlock signed an oath of office and anti-bribery statement on January 3, 2005, when he took senior judge status. Appellant argues, without providing

7

authority, that a senior judge's oath of office and anti-bribery statements expire after a certain date. Nothing in the law supports Appellant's argument. *See* Tex. Const. art. XVI, § 1.

Accordingly, we overrule Appellant's second issue.

**Denial of Jury Trial on Petition to Remove and Denial of Petition to Disqualify the Tarrant County Criminal District Attorney's Office**

In his third issue, Appellant contends that the trial court improperly denied him a jury trial on the merits of his petition to remove the Tarrant County District Attorney's Office and that the trial court improperly denied his petition to disqualify the Tarrant County Criminal District Attorney's Office.

The trial court's refusal to proceed on Appellant's petition for removal was within the trial court's discretion and is not appealable. *See* Tex. Local Gov't Code Ann. § 87.016(c) (West 2008). We therefore dismiss this portion of Appellant's third issue.

Appellant also argues that the trial court improperly denied his attempt to disqualify the Tarrant County District Attorney's Office because of allegations of misconduct by a prosecutor several years after he left the District Attorney's Office and because of claims of *Brady* violations that we have already determined to be without merit. *See Reger v. Criminal Dist. Attorney of Tarrant Cnty.*, No. 02-09-00363-CV, 2011 WL 3546631, at *7 (Tex. App.—Fort Worth Nov. 10, 2011, pet. denied) (mem. op. on reh'g). The record does not support Appellant's complaints, nor did his complaints justify the disqualification. *See*

8

Tex. Code Crim. Proc. Ann. art. 2.08 (West Supp. 2014). Thus, we overrule the remainder of Appellant's third issue.

**Denial of DNA Testing Because Identity Not at Issue**

In his fourth issue, Appellant contends that the trial court improperly found that identity was not at issue in determining that he was not entitled to postconviction forensic DNA testing. The Texas Code of Criminal Procedure provides that a convicting court may order forensic DNA testing if the court finds that (1) the evidence still exists in a condition to make DNA testing possible and has been subjected to the proper chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material way, and (2) identity "was or is an issue in the case." Tex. Code Crim. Proc. Ann. art. 64.03(a) (West Supp. 2014). Additionally, the convicted person must establish by a preponderance of the evidence that that person would not have been convicted if an exculpatory result had been obtained through DNA testing and that the request for the proposed DNA testing is not made to unreasonably delay execution of sentence or the administration of justice. *Id.*

Identity is not an issue in this case. The issue in this case is not who killed the deceased but why he was killed. *See Birdwell v. State*, 276 S.W.3d 642, 646 (Tex. App.—Waco 2008, pet. ref'd). This court has previously determined that Appellant's identity as the perpetrator of this murder is not an issue in this case. See *Reger I*, 222 S.W.3d at 514. Appellant admitted shooting the deceased but argued that he did so in self-defense. *Id.* at 512. Thus, the trial court properly

9

held that identity of the shooter was not at issue. Accordingly, we overrule Appellant's fourth issue.

## Equal Protection

Appellant argues in his fifth issue that article 64.03 of the Texas Code of Criminal Procedure is facially unconstitutional because it deprives a defendant who claims self-defense from obtaining postconviction forensic DNA testing. At this point, postconviction forensic DNA testing is not a constitutional right but merely a statutory one. *See Ex parte Mines*, 26 S.W.3d 910, 914 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 908 (2001). Further, we have previously addressed and overruled this issue. *See Reger I*, 222 S.W.3d at 514–15. Finally, Appellant's contention that *Skinner v. Switzer*, 131 S. Ct. 1289 (2011), overrules our prior holding is without merit. That case stands for the limited proposition that a convicted state prisoner may seek postconviction DNA testing in federal court through a section 1983 claim, not only through a habeas petition. *Id.* at 1293, 1298–1300. Accordingly, we overrule Appellant's fifth issue.

## Conclusion

Having dismissed a portion of his third issue and having overruled the remainder of his five issues, we deny "Appellant Reger's Second Motion For Leave To Abate Appeal To Trial Court And Allow Refiling Of Out-Of-Time Motion for New Trial; Motion to Disqualify And Motion to Recuse Judge Robb D. Catalano And; Live Hearing To Expand, Support & Preserve Appellate Record," and we affirm the trial court's judgment.

10

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 18, 2014