

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00161-CR

———————————————————

RUSSELL JAY REGER, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 0579930D

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

In 1996, a jury convicted Russell Jay Reger of murder, and the trial court sentenced him to life in prison. We affirmed Reger's conviction on direct appeal. *See Reger v. State,* No. 02-96-00217-CR (Tex. App.—Fort Worth July 31, 1997, pet. ref'd) (not designated for publication).

In 2005, Reger moved for postconviction forensic DNA testing. *See Reger v. State*, 222 S.W.3d 510, 512 (Tex. App.—Fort Worth 2007, pet. ref'd). *See generally* Tex. Code Crim. Proc. Ann. arts. 64.01–.05. The trial court denied Reger's motion, and we affirmed that denial on appeal.[1] *See Reger*, 222 S.W.3d at 515.

Now, Reger, proceeding pro se, appears to assert that we lacked jurisdiction over those appeals and has filed a "[Second] Amended Notice of Appeal of Lacking Final Judgment," attempting to appeal from the "overruling by operation of law" of "Defendant Reger's Sworn and Verified Out-of-Time Motion for New Trial with Omnibus Motions in Arrest of Judgment with Speedy Trial Violation; Nunc Pro Tunc, and Bill of Exception to Support in Plea of Jurisdiction of Void Interlocutory Appellate Cause Nos. 02-96-00217-CR and 02-06-00104-CR."

In the criminal context, our jurisdiction is generally limited to cases in which the trial court has signed a judgment of conviction. *McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.) (per curiam). We do not have jurisdiction

---

[1]We docketed this appeal under cause number 02-06-00104-CR.

over matters related to postconviction relief[2] from an otherwise final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding). We thus notified Reger of our concern that we lack jurisdiction over this appeal. We warned him that we could dismiss this appeal for want of jurisdiction unless he or any party wanting to continue the appeal filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 43.2(f), 44.3.

We have reviewed "Appellant Reger's Response Showing Grounds for Continuing Appeal," as well as "Appellant Reger's Objections to the Conspired Denials of Adequate, Meaningful, and Effective Access to the Courts." Because neither shows grounds for continuing this appeal, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f)

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 11, 2021

---

[2]Chapter 64 of the Texas Code of Criminal Procedure governs postconviction DNA testing and is "a procedural vehicle for obtaining evidence" to be used in a later habeas proceeding. *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.).