

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00084-CV

IN RE GREGORY SCOTT MIZER                                    RELATOR

----------

ORIGINAL PROCEEDING

----------

## OPINION

----------

## I. Introduction

Relator Gregory Scott Mizer seeks a writ of mandamus that directs Respondent, the Honorable Joe Bridges of Denton County Criminal Court No. 4, to withdraw its order dismissing his appeal, enter a scheduling order providing time for the parties to submit briefs, hear oral arguments, and rule on the merits of his appeal. We conditionally grant the requested relief in part.

## II. Factual and Procedural Background

The City of Roanoke cited Mizer fourteen times for violating a city ordinance by parking cars on an unapproved surface in a lot next to his auto

repair shop. The City filed complaints for the citations, Mizer pleaded not guilty, and the cases were tried in a municipal court of record. On September 27, 2011, the municipal court found Mizer guilty of all charges and fined him $25,396. Mizer filed a motion for new trial, in which he contested the constitutionality of the city ordinance under which he was convicted, the validity of the complaint, the jurisdiction of the municipal court, and the sufficiency of the evidence. The municipal court denied his motion for new trial on October 12, 2011.

Mizer subsequently filed a notice of appeal and attempted to file appeal bonds for the convictions. The municipal court denied Mizer's appeal bonds on November 2, 2011, and Mizer petitioned Respondent for mandamus relief. While Mizer's petition for writ of mandamus was pending with Respondent, he received a notice from the same court that stated, "This court is considered the Appellant [sic] Court for the above reference [sic] case. The appeal for this case was filed with our office on 1/4/2012. Please consult the rules of Appellate Procedure regarding the filing of Briefs [sic] on this matter."

On May 17, 2012, Respondent granted Mizer mandamus relief and held that his bonds were valid and that it had jurisdiction to hear his appeal. Mizer did not file a brief with Respondent, and on October 26, 2012, Respondent dismissed his appeal without notifying him before the dismissal. Respondent sent notice of its decision to Mizer at the City's attorney's address on October 30, 2012, and the City's attorney forwarded the notice to Mizer two days later.

In its dismissal order, Respondent stated that it was dismissing Mizer's appeal on the ground that he had failed to file a brief as required by government code section 30.00021(b). According to Respondent's order, its January 4, 2012 notice informed Mizer that the trial record had been filed with Respondent as required by government code section 30.00020, and because Mizer had failed to file a brief within fifteen days of this notice or Respondent's May 17, 2012 order permitting his appeal, Respondent was dismissing Mizer's appeal. The order "dismissed [Mizer's appeal] and remanded [it] back to the lower court for execution of sentence."

Mizer appealed Respondent's order to this court in November 2012, and we dismissed the appeal for want of jurisdiction because Respondent had not affirmed the municipal court's judgment or passed on the merits of Mizer's constitutional question as required under government code section 30.00027 for an appeal to a court of appeals. *Mizer v. State*, No. 02-12-00560-CR, 2013 WL 709274, at *1 (Tex. App.—Fort Worth Feb. 28, 2013, no pet. h.) (mem. op., not designated for publication). Mizer now petitions this court for mandamus relief.

### III. Analysis

Mizer argues in his petition that Respondent abused its discretion by dismissing his appeal for failure to file a brief, in violation of rule of appellate procedure 38.8(b) and article 44.33(b) of the code of criminal procedure. *See* Tex. R. App. P. 38.8(b)(1); *see also* Tex. Code Crim. Proc. Ann. art. 44.33(b) (West 2006). The City responds that only chapter 30 of the government code

3

controls appeals to county criminal courts and that Respondent acted within its discretion by dismissing Mizer's appeal for his failure to file a brief under section 30.00021(b).  *See* Tex. Gov't Code Ann. § 30.00021(b) (West 2012).  In reply, Mizer argues that even if rule of appellate procedure 38.8(b) does not apply, Respondent abused its discretion by disposing of his appeal in a manner not prescribed by section 30.00024 of the government code.  *See id.* § 30.00024(a) (West Supp. 2012).

## A. Standard of Review

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding).  A court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law.  *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

## B. Dismissal

Section 30.00024 of the government code states that an appellate court may dispose of appeals over which it has jurisdiction in four ways:  "(1) affirm the judgment of the municipal court of record; (2) reverse and remand for a new trial; (3) reverse and dismiss the case; or (4) reform and correct the judgment."  Tex. Gov't Code Ann. § 30.00024(a).  Additionally, any court may dismiss a case for lack of jurisdiction over the controversy.  *See Reger v. State*, 222 S.W.3d 510,

4

512–13 (Tex. App.—Fort Worth 2007, pet. ref'd) (citing *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996)).

Here, Respondent dismissed Mizer's appeal and remanded the case to the municipal court for execution of the sentence because Mizer had failed to file a brief within the time provided in section 30.00021(b) of the government code. Because Respondent's action is not among those permitted by government code section 30.00024, *see* Tex. Gov't Code Ann. § 30.00024(a), we must determine whether its dismissal for lack of jurisdiction was proper, *see Reger*, 222 S.W.3d at 512–13.

The City cites government code section 30.00021(b) for the proposition that an appellant must timely file a brief before a county court may hear his appeal. Indeed, section 30.00021(b) states that "[t]he appellant must file the brief with the appellate court clerk not later than the 15th day after the date on which the clerk's record and reporter's record are filed with that clerk." Tex. Gov't Code Ann. § 30.00021(b).

Although the Code Construction Act states that "'must' creates or recognizes a condition precedent," *id.* § 311.016(3) (West 2013), we consider "the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction" when determining whether a statute is mandatory or directory. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001).

Here, the legislature authorized cities to create municipal courts of record and permitted appellate review by county courts to speed the disposition of cases and to avoid the "wasteful duplication of effort" caused by the de novo system of review applied to most appeals to county courts. *See* House Comm. on Judicial Affairs, Bill Analysis, Tex. H.B. 1879, 70th Leg., R.S. (1987). Neither section 30.00021(b) nor the statute's purpose indicates that the legislature intended the briefing requirement to be a mandatory requirement. *Compare Nicholson v. Shinn*, No. 01-07-00973-CV, 2009 WL 3152111, at *4 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.) (holding that sections 74.051 and 74.052 of the civil practices and remedies code are mandatory because the sections further the purpose of the Medical Liability and Improvement Act), *with Charlton v. State*, 334 S.W.3d 5, 11 (Tex. App.—Dallas 2008, no pet.) (holding that the three-day period provided under family code section 233.0024 for a trial court to sign an agreed child support review order is not mandatory because to so hold would contradict the statute's purpose).

Even a mandatory statute is not necessarily jurisdictional, *City of DeSoto v. White*, 288 S.W.3d 389, 395 (Tex. 2009), and we consider "the presence or absence of specific consequences for noncompliance" when determining whether a statute is jurisdictional. *Wilkins*, 47 S.W.3d at 495. And a statute specifying "that an act be performed within a certain time without any words restraining the act's performance after that time . . . is usually directory." *Id.*

Here, section 30.00021(b) provides no consequences for noncompliance. *See* Tex. Gov't Code Ann. § 30.00021(b).

Finally, we consider the "consequences that result from each possible interpretation." *Wilkins*, 47 S.W.3d at 495. Interpreting section 30.00021(b) as a jurisdictional requirement is contrary to this state's policy against appellate courts' denying jurisdiction to hear criminal appeals without an appellant's brief. *See* Tex. R. App. P. 38.8(b)(1); *see also* Tex. Code Crim. Proc. Ann. art. 44.33(b); *Carter v. State*, 656 S.W.2d 468, 469 (Tex. Crim. App. 1983) (noting that an appellant invokes the appellate court's jurisdiction by filing a notice of appeal, not by filing a brief); *Easley v. State*, No. 03-08-00098-CR, 2008 WL 900960, at *1 (Tex. App.—Austin Apr. 2, 2008, no pet.) (mem. op., not designated for publication) (noting that the county court considered the appeal and affirmed the conviction despite the appellant's failure to file a brief).

Thus, government code section 30.00021(b) is neither mandatory nor jurisdictional, and Respondent clearly abused its discretion by dismissing Mizer's appeal on this ground. *See Olshan Found. Repair Co.*, 328 S.W.3d at 888.

Finally, as we held in our dismissal of Mizer's appeal in this case, we have no jurisdiction to hear Mizer's appeal until Respondent affirms the conviction or addresses the merits of Mizer's constitutional question. *See Mizer*, 2013 WL 709274, at *1. Thus, Mizer has no adequate remedy by appeal. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding).

7

## IV.  Conclusion

Having held that Respondent clearly abused its discretion by dismissing Mizer's appeal and that Mizer has no adequate remedy by appeal, we conditionally grant his petition for writ of mandamus in part and order Respondent to set aside its October 26, 2012 order dismissing his appeal and to enter a scheduling order granting Mizer fifteen days to file a brief.  All other relief requested is denied.  A writ of mandamus will issue only in the event that Respondent fails to comply with our instructions within thirty days of the date of this opinion.

BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED:  May 30, 2013

8