**REVERSE and REMAND; and Opinion Filed July 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01290-CR

### LINDA GUADARRAMA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC13-R0015-D**

## MEMORANDUM OPINION

Before Justices Brown, Stoddart, and Schenck
Opinion by Justice Schenck

Appellant Linda Guadarrama was found guilty of failure to maintain proof of financial responsibility in the Municipal Court of Record for the City of Farmers Branch. She appealed that judgment to the Dallas County Court of Criminal Appeals, where her case was dismissed for lack of jurisdiction. We conclude the county court did have jurisdiction to entertain this appeal. Accordingly, we reverse and remand appellant's case for further proceedings.

Farmers Branch police cited appellant for failure to maintain proof of financial responsibility. Shortly after being issued the citation, appellant submitted proof of insurance and asked for the case against her to be dismissed. However, upon inquiry, city officials learned that appellant was not insured at the time the citation was issued; she had purchased the insurance she "proved" some twenty minutes after being issued the ticket. Her requested dismissal was denied, as were continuances or re-settings requested by appellant in the municipal court. Appellant was

unable to attend the pretrial hearing scheduled for her case and hired counsel to appear for her. She authorized her attorney to request a new setting for the pretrial hearing and a jury trial date. But those requests were denied by the court, and appellant's counsel ultimately entered a plea of nolo contendere on her behalf. Based on that plea, appellant was placed on deferred adjudication probation and ordered to pay a fine of $324. Appellant failed to pay the fine by the date it was due, and the municipal court adjudicated her guilt on June 6, 2013. Appellant filed a motion for a new trial on June 17, 2013, but she failed to appear at the hearing, and the motion was denied.

Appellant then attempted to appeal the municipal court's judgment. However, the county court of criminal appeals concluded she did not timely file her motion for new trial, notice of appeal, appeal bond, and brief. The court's opinion also references alleged issues with appellant's procuring the record. Concluding that appellant did not properly perfect her appeal, the court dismissed the appeal and affirmed the trial court's judgment.

The county criminal courts of appeal of Dallas County have jurisdiction of appeals from the municipal courts of record. TEX. GOV'T CODE ANN. § 30.01595 (West 2004). To perfect such an appeal, the defendant must first file a written motion for new trial not later than ten days after the date the judgment is rendered. *Id.* § 30.00014(c) (West Supp. 2014). In appellant's case, judgment was rendered Thursday, June 6, 2013. Ten days later was June 16, a Sunday. Therefore, appellant's motion for new trial was due on the next business day, which was Monday, June 17. *See id.* § 30.00023 (applying Texas Code of Criminal Procedure and Texas Rules of Appellate Procedure to proceedings involving municipal courts of record); TEX. R. APP. P. 4.1(a) (when last day of time period is Saturday, Sunday, or legal holiday, period extends to next day that is not Saturday, Sunday, or legal holiday); *see also Cormier v. State*, Nos. 05-01-01213-CR, 05-01-01214-CR, 2002 WL 57326, at *2 (Tex. App.—Dallas Jan. 16, 2002, pet. ref'd) (not designated for publication) (interpreting article 45.0426 of code of criminal procedure

to extend filing period to next business day when tenth day falls on Saturday, Sunday, or legal holiday). Appellant's motion for new trial filed on June 17 was timely.[1]

An appellant must also give notice to perfect an appeal from a municipal court of record. TEX. GOV'T CODE ANN. § 30.00014(d). Written notice of appeal must be filed with the court not later than the tenth day after the date the motion for new trial was overruled. *Id.* Appellant's motion was overruled on Wednesday, July 17, 2013; the tenth day after that was Saturday, July 27. Again, appellant's filing was due the next business day, Monday July 29. *See id.* § 30.00023; TEX. R. APP. P. 4.1(a); *Cormier*, 2002 WL 57326, at *2. Appellant filed her notice of appeal on that date.

Because appellant was not in custody when perfecting her appeal, she was also required to file an appeal bond with the municipal court. *See* TEX. GOV'T CODE ANN. § 30.00015(a) (West 2004). The same time frame governs both the notice of appeal and the appeal bond: the bond must be approved and filed not later than the tenth day after the motion for new trial is overruled. *Id.* Appellant filed her approved bond on July 29, 2013, along with her notice of appeal. Thus, the bond was timely as well. *See id.* § 30.00023; TEX. R. APP. P. 4.1(a); *Cormier*, 2002 WL 57326, at *2. And when the appeal bond has been filed timely, "the appeal in such case shall be held to be perfected." TEX. CODE CRIM. PROC. ANN. art. 45.0426 (West 2006).

The county court of criminal appeals pointed to other procedural faults in discussing its jurisdiction, but we conclude none of those issues prevented appellant from perfecting her appeal. For example, the record indicates appellant's brief was not timely filed. But section

---

[1] The statute also requires the motion for new trial to set forth "the points of error of which the appellant complains." TEX. GOV'T CODE ANN. § 30.00014(c). Appellant's motion stated:

> Defendant did not authorize her attorney to accept a plea bargain and the plea was entered without defendant's consent and involuntarily.

> Defendant was denied her rights under the state and federal constitution and due process of law.

We conclude these statements of error were adequate to give notice of appellant's complaints.

30.00021(b) of the government code, which governs the timeline for filing a brief in an appeal from a municipal court of record, "is neither mandatory nor jurisdictional." *In re Mizer*, 400 S.W.3d 689, 693 (Tex. App.—Fort Worth 2013, orig. proceeding). And although the opinion makes several references to problems with the record, the record indicates appellant paid the fee for the clerk's record, and it was filed. Our record does not contain a reporter's record, or transcript, but it is not clear that any proceedings were recorded in the municipal court. Regardless, an appeal may not be dismissed on account of any defect in the transcript. TEX. CODE CRIM. PROC. ANN. art. 45.0426(c).

We conclude appellant properly perfected her appeal, and the county criminal court of appeals was thus vested with jurisdiction to address her points of error. We express no opinion on appellant's points of error or on the State's challenges to them. We reverse the judgment of the county court of criminal appeals and remand this cause for further proceedings.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

.

Do Not Publish
TEX. R. APP. P. 47

141290F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LINDA GUADARRAMA, Appellant

No. 05-14-01290-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court of Appeals No. 1, Dallas County, Texas
Trial Court Cause No. MC13R0015D.
Opinion delivered by Justice Schenck.
Justices Brown and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered this 7th day of July, 2015.