Alvin Alexander RUSSELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–05–00003–CR.

Court of Appeals of Texas,
Waco.

July 6, 2005.

Robert C. Dunn, Law Office of Robert C. Dunn, Corsicana, for appellant.

Steve A. Keathley, Navarro County Dist. Atty., Corsicana, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Alvin Russell was convicted of sexual assault in 1996 and sentenced to twenty years' confinement. He filed a pro se motion for DNA testing under article 64.01 of the Code of Criminal Procedure and requested counsel to assist him in the motion. The trial court appointed counsel, who filed a second motion for DNA testing in 2004. A hearing was set for November 23, 2004, but there is no record that a hearing was held. On November 23, 2004, the trial court denied Russell's motion for DNA testing and issued findings of fact and conclusions of law. Russell argues on appeal that the trial court's failure to hold an evidentiary hearing on his motion for

DNA testing violated his due process rights.

■ A court may order forensic DNA testing under Chapter 64 if it finds (1) that the evidence "still exists and is in a condition making DNA testing possible;" (2) that the evidence "has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced or altered in any material respect;" and (3) that "identity was or is an issue in the case." TEX.CODE CRIM. PROC. ANN. art. 64.03 (Vernon Supp.2004–05). However, the convicted person bears the burden of establishing by a preponderance of the evidence that "a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." *Id.; Whitaker v. State,* 160 S.W.3d 5, 6 (Tex.Crim.App.2004).

The Court of Criminal Appeals has held that "nothing in Article 64.03 requires a hearing of any sort concerning the trial court's determination of whether a defendant is entitled to DNA testing." *Rivera v. State,* 89 S.W.3d 55, 58–59 (Tex.Crim. App.2002). In determining whether to order forensic DNA testing under article 64.03, the trial court may rely on the motion, accompanying affidavits, and the State's written response. *Mearis v. State,* 120 S.W.3d 20, 24 (Tex.App.-San Antonio 2003, pet. ref'd). Chapter 64 does not require the trial court to conduct a hearing, regardless of whether the State attaches affidavits to its response. *Whitaker,* 160 S.W.3d at 7.

■ Russell claims that, without a hearing, he is presented with "an impossible task" to present to the court the merits of the DNA motion. We disagree. Nothing prevents the convicted person from presenting affidavits in support of the motion. Indeed, article 64.01 requires that the motion be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion. TEX.CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp.2004–05). The movant may also request that the trial court take judicial notice of the trial record. *See Smith v. State,* 165 S.W.3d 361 (Tex.Crim. App.2005).

Russell's original pro se motion was accompanied by an affidavit in which Russell swears that DNA testing was not made available to him. Russell's second motion for DNA testing, filed after counsel was appointed, was not accompanied by any affidavits. Neither motion requests that the trial court take judicial notice of the trial testimony and exhibits. The State did not attach affidavits to its response to the motion. Russell does not explain why it is an "impossible task" to present evidence in support of a motion through affidavits and by requesting the trial court to take judicial notice of the trial testimony and exhibits.[1]

■ Russell also challenges the trial court's findings of fact. The court found that: (1) Russell "fails to meet the requirement" that identity was or is an issue in the case; (2) Russell failed to show by a preponderance of the evidence that a reasonable probability exists that the applicant would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing; and (3) Russell fails to meet the requirements of article 64.03(a)(2) concerning his burden of proof. Because no hearing was held and Russell's affidavit is the only evidence supporting the motion, the trial court is in no better position than we are to determine

1. We recognize that written "trial testimony and exhibits" may not exist. We reserve for another day the decision about how to review such testimony and exhibits.

the credibility and demeanor of the witnesses, and thus we review the court's findings *de novo.* *Id.* at 363.

The trial court found that Russell's motion fails to show that identity was or is an issue in the case. Russell's affidavit does not state that identity was an issue at trial, nor does it state any facts regarding the case that would indicate that identity was an issue at trial. Neither of Russell's motions for DNA testing argues that, or explains how, identity was an issue at trial. On the basis of the evidence that was before the trial court and is now before us, we cannot say the trial court erred in not finding that identity was or is an issue in the case.

Under article 64.03, the convicting court may order DNA testing only if it finds, among other things, that identify was or is an issue in the case. The trial court did not find that identity was or is an issue in this case. Because we would affirm the trial court's denial of the DNA motion on the identity finding alone, we need not address Russell's challenges to the court's other findings.

## CONCLUSION

We overrule the issues and affirm the judgment.