Affirmed and Memorandum Opinion filed February 19, 2009








Affirmed and Memorandum Opinion filed February 19, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00315-CR

____________

 

LARRY TRUMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 755523

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Larry Truman, challenges the trial court=s order denying
his post-conviction motion for DNA testing under chapter 64 of the Texas Code
of Criminal Procedure.  In his first two issues, appellant contends that the
trial court erred by conducting a hearing on his motion in his absence and
without live testimony.  In his third issue, he contends that the trial court
erred in denying his motion because he presented sufficient evidence to satisfy
the statutory requirements for post-conviction DNA testing.  We affirm.








BACKGROUND

Appellant was convicted by a jury in 1997 of indecency with
a child.  Punishment, enhanced by two prior convictions, was assessed at 75
years= imprisonment. 
Appellant=s conviction was affirmed by the Thirteenth Court of
Appeals, and mandate issued in 1998.  In October 2004, appellant filed a motion
for post-conviction DNA testing pursuant to chapter 64 of the Texas Code of
Criminal Procedure, and the trial court appointed counsel.  The State filed a
motion to deny DNA testing with supporting affidavits asserting that the Harris
County District Clerk=s Office, the Houston Police Department (AHPD@), and HPD=s Crime Lab were
not in possession of any biological evidence related to appellant=s case.  The trial
court denied appellant=s request for DNA testing and issued
findings of fact and conclusions of law.  Specifically, the trial court found
that appellant failed to show that (1) any biological evidence was secured in
relation to the offense, (2) evidence still exists and is in a condition making
DNA testing possible, and (3) by a preponderance of the evidence, a reasonable
probability exists that he would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing. 

On appeal, appellant raises three issues.  In his first two
issues, appellant contends that the trial court erred by conducting a hearing
on his motion in his absence and without live testimony.  In his third issue,
he contends that the trial court erred in denying his motion because he
presented sufficient evidence to satisfy the statutory requirements for
post-conviction DNA testing.   

DISCUSSION








In his first issue, appellant argues that the trial court
violated his due process rights by conducting a hearing in his absence.  Citing
article 33.03 of the Texas Code of Criminal Procedure, appellant contends that
he had the right to be present during the hearing.  See Tex. Code Crim.
Proc. art. 33.03.  Appellant=s reliance on article 33.03 is misplaced
because this provision is not applicable to chapter 64 post-conviction DNA
proceedings.  See id.  (AIn all prosecutions for felonies, the
defendant must be personally present at trial . . . .@).   By its plain
language, article 33.03 applies only to  criminal prosecutions.  See id.;
see also Vay v. State, No. 14-06-00080-CR, 2007 WL 705620, at *2 (Tex. App.CHouston [14th
Dist.] Mar. 8, 2007, pet. ref=d) (mem. op., not designated for
publication) (AUnlike a criminal prosecution, a post-conviction DNA
hearing does not involve accusations [or a prosecution] against a criminal
defendant.@); Davis v. State, No. 14-02-00741-CR, 2003 WL
22019581, at *1 (Tex. App.CHouston [14th Dist.] Aug. 28, 2003, pet.
ref=d) (mem. op., not
designated for publication) (same); Cravin v. State, 95 S.W.3d 506, 509B10 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).

The Court of Criminal Appeals and this Court have
consistently held that a movant seeking post-conviction DNA testing has no
right either to be present or to cross-examine witnesses at a hearing on the
motion.  See  Whitaker v. State, 160 S.W.3d 5, 8B9 (Tex. Crim. App.
2004); Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002);
Thompson v. State, 123 S.W.3d 781, 784B85 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d).  A post-conviction DNA proceeding is
akin to a habeas corpus proceeding.  Thompson, 123 S.W.3d at 784. 
Unlike a criminal trial, in which the guilt of the defendant is at issue and
the constitution requires his presence, a habeas corpus proceeding is an
independent proceeding that makes a collateral inquiry into the validity of the
conviction.  Id.; Mearis v. State, 120 S.W.3d 20, 25 (Tex. App.CSan Antonio 2003,
pet. ref=d).  Like a habeas
proceeding, a post-conviction DNA testing proceeding is an independent proceeding
that makes a collateral inquiry into the validity of the conviction.  Thompson,
123 S.W.3d at 784; Cravin, 95 S.W.3d at 509B10.  Thus, a
defendant is not entitled to be present at any hearing held by the court on a
motion for DNA testing.  Thompson, 123 S.W.3d at 784B85.  Because
appellant=s due process rights were not implicated in the
chapter 64 proceeding and because he had no right to be present at the hearing,
the trial court did not violate appellant=s due process
rights by considering the motion in his absence.  See id.  We
overrule appellant=s first issue. 








In his second issue, appellant argues that the trial court
erred in failing to conduct an evidentiary hearing allowing him to prove, via
live testimony, that he met the statutory requirements for DNA testing.[1] 
The Court of Criminal Appeals, however, has held that applicants seeking
post-conviction DNA testing are not entitled to an evidentiary hearing.  Whitaker,
160 S.W.3d at 8B9 (agreeing that chapter 64 of the Code of
Criminal Procedure does not require the trial court to conduct an evidentiary
hearing); Rivera, 89 S.W.3d at 58B59 (concluding
that applicants for post-conviction DNA testing pursuant to article 64.03 are
not entitled to an evidentiary hearing with live testimony, or any hearing
otherwise).  Accordingly, the trial court in this case was not required to
conduct an evidentiary hearing with live testimony, or any hearing otherwise. 
We overrule appellant=s second issue.

In his third issue, appellant argues that the trial court
erroneously denied his motion for DNA testing.  The State contends that the
trial court correctly denied the motion because appellant failed to (1)
identify any evidence containing biological material which could produce
exculpatory results if subject to DNA testing, and (2) meet his burden of
establishing the existence of a reasonable probability that he would not have
been convicted if exculpatory results had been obtained through DNA testing.








In reviewing a trial court=s decision
regarding DNA testing, we employ a bifurcated standard of review.  Rivera,
89 S.W.3d at 59.  We afford almost total deference to a trial court=s determination of
issues of historical fact and application-of-law-to-fact issues that turn on
credibility and demeanor, while we review de novo other
application-of-law-to-fact issues.  Id.  Under chapter 64 of the Texas
Code of Criminal Procedure, a convicted person may file in the convicting court
a motion for forensic DNA testing of evidence containing biological material. 
Tex. Code Crim. Proc. art. 64.01(a).  The motion must be accompanied by an
affidavit, sworn by the convicted person, containing statements of fact in
support of the motion.  Id.  

Under article 64.03, a trial court must find that: (1)
evidence still exists and is in a condition that allows DNA testing possible;
(2) the evidence has been subjected to a proper chain of custody sufficient to
establish that it has not been substituted, tampered with, replaced, or altered
in any material respect; and (3) identity is an issue in the case.  Id.
art. 64.03(a)(1); Prible v. State, 245 S.W.3d 466, 467B68 (Tex. Crim.
App. 2008).  Additionally, a movant must establish by a preponderance of
evidence that (1) he would not have been convicted if exculpatory results had
been obtained through DNA testing, and (2) the request is not made to
unreasonably delay the sentence.  Tex. Code Crim. Proc. art. 64.03(a)(2); Prible,
245 S.W.3d at 467B68.

In the affidavit accompanying his motion, appellant stated
that a witness testified at trial that appellant=s blood was
retrieved at the crime scene.  Appellant claims that Ato his knowledge,
there was no DNA analysis [on the blood] . . . and if there was . . . there are
better ways to test DNA that could reasonably provide more accurate results
than the prior test.@  Appellant further avers in the affidavit
that if no testing was done, Ain the interest of justice, DNA testing
should be done . . . [and that] such testing will prove the blood gathered, at
the crime scene, is not mine.@  Beyond these speculative and conclusory
statements, appellant neither alleged nor attempted to establish that (1) the
State is still in possession of this biological evidence, and (2) the evidence
is susceptible of DNA testing.  See Tex. Code Crim. Proc. art.
64.03(a)(1)(A)(i).  In fact, the State filed affidavits asserting that the
Harris County District Clerk=s Office, HPD, and HPD=s Crime Lab were
not in possession of any biological evidence related to appellant=s case.  See
Cravin, 95 S.W.3d at 511 (concluding that statements made by district clerk=s office that it
was not in possession of evidence related to the appellant=s case were
sufficient for the court to find that the evidence did not exist).








Additionally, appellant has made no effort to bring forth
an appellate record affirmatively demonstrating that identity was an issue
during trial.  See Russell v. State, 170 S.W.3d 732, 734 (Tex. App.CWaco 2005, no
pet.) (concluding that trial court did not err in not finding that identity was
an issue at trial because appellant=s affidavit did
not state any facts indicating identity as an issue at trial); In re McBride,
82 S.W.3d 395, 397 (Tex. App.CAustin 2002, no pet.) (holding that the
trial court did not err in refusing to order DNA testing where appellant=s affidavit failed
to show or explain how identity was an issue). Moreover, appellant neither
makes a factual allegation nor establishes by a preponderance of the evidence
that he would not have been convicted if exculpatory results had been obtained
through DNA testing.  See Tex. Code Crim. Proc. art. 64.03(a)(2)(A); Skinner
v. State, 122 S.W.3d 808, 813 (Tex. Crim. App. 2003).

There is nothing in the record that purports to meet the
requirements placed on appellant pursuant to article 64.03 to demonstrate that:
(1) the evidence is still in existence and is in a condition making DNA testing
possible; (2) the evidence has been subjected to a chain of custody sufficient
to establish that it has not been substituted, tampered with, replaced or
altered in an material respect; and (3) identity was an issue in the case.  See
Tex. Code Crim. Proc. art. 64.03(a)(1).  Appellant=s motion and
affidavit do not address any of these three items.  Thus, appellant=s motion is insufficient
to entitle him to DNA testing.  Because appellant has failed to meet his burden
under chapter 64, the trial court did not err in denying his motion for
post-conviction DNA testing.  We overrule appellant=s third issue. 

We affirm the trial court=s order.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).    









[1]  It is unclear from the record whether the trial
court conducted a hearing in open court.  The trial court=s order denying appellant=s request for DNA testing simply indicates that it considered
appellant=s motion, the State=s
motion, and the affidavits attached thereto in denying DNA testing.  However,
the appellate record does not include a reporter=s record reflecting a hearing in open court on the motion.