

IN THE
TENTH COURT OF APPEALS

No. 10-08-00289-CR

DARRON TRAY MOSS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 82nd District Court
Falls County, Texas
Trial Court No. 7047

MEMORANDUM OPINION

Darron Tray Moss was convicted of murder and sentenced to 99 years in prison. We affirmed Moss's conviction in an unpublished opinion. Moss later filed a motion for DNA testing, which the trial court denied. On appeal, Moss challenges the denial of his motion. We affirm.

A court may grant DNA testing only if it finds that: (1) the evidence "still exists" in a "condition making DNA testing possible;" (2) the "chain of custody" establishes that the evidence has not been "substituted, tampered with, replaced, or

altered in any material respect;" and (3) "identity was or is in issue." TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1) (Vernon Supp. 2008). The defendant must prove by a preponderance of the evidence that: (1) he would not have been convicted had testing revealed "exculpatory results;" and (2) his request is "not made to unreasonably delay the execution of sentence or administration of justice." *Id*. at art. 64.03(a)(2).

We apply a bifurcated standard of review to the trial court's ruling on a motion for DNA testing. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). "[W]e afford almost total deference to a trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review *de novo* other application-of-law-to-fact issues." *Id*.

We first note that Moss takes issue with the trial court's decision to rule on his motion without conducting a hearing. However, a hearing is not required. *See Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004); *see also Russell v. State*, 170 S.W.3d 732, 733 (Tex. App.—Waco 2005, no pet.).

We next address the State's argument that Moss failed to show that identity was in issue at trial. A threshold requirement for the trial court's ordering forensic DNA testing is that the defendant's identity was or is an issue in the case. TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B); *Birdwell v. State*, 276 S.W.3d 642, 644 (Tex. App.—Waco 2008, pet. dism'd). Here, several witnesses identified Moss as the person who shot the victim. Moss testified that he was drunk on the night of the offense, did not know whether he shot the victim, and did not want to kill anyone. He requested a self-defense instruction, which the trial court denied. Moss argues that he maintained his

innocence during trial, but admits that his counsel presented the theory of self-defense at trial. Moss has not shown that identity was in issue. *See Birdwell*, 276 S.W.3d at 646; *see also Reger v. State*, 222 S.W.3d 510, 514 (Tex. App.—Fort Worth 2007, pet. ref'd).

Because Moss has not established his entitlement to DNA testing, we overrule his sole issue and affirm the trial court's order denying his motion for DNA testing.

 

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed July 8, 2009
Do not publish
[CRPM]