# NOS. 12-14-00096-CR
# 12-14-00097-CR
# 12-14-00098-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEMARIA TRAVAR WOODS,*<br>*APPELLANT* | *§* | *APPEALS FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Demaria Travar Woods appeals the trial court's order denying his motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. He raises one issue in these appeals. We affirm.

<u>BACKGROUND</u>

A Smith County grand jury indicted Appellant for the offenses of engaging in organized criminal activity (appellate cause number 12-14-00096-CR, trial court cause number 114-0549-09), aggravated robbery (appellate cause number 12-14-00097-CR, trial court cause number 114-0550-09), and evading arrest (appellate cause number 12-14-00098-CR, trial court cause number 114-0551-09). Appellant pleaded guilty to each of the offenses. In cause numbers 12-14-00096-CR and 12-14-00097-CR, the trial court found Appellant guilty as charged in the indictments, made an affirmative deadly weapon finding, and assessed punishment at twenty years of imprisonment in each case. In cause number 12-14-00098-CR, the trial court found Appellant guilty of evading arrest with a vehicle and assessed punishment at two years of confinement. The trial court ordered the sentences to be served concurrently.

On October 28, 2013, Appellant filed a motion for forensic DNA testing in each cause number. The trial court denied Appellant's request in each case. These appeals followed.

**DENIAL OF FORENSIC DNA TESTING**

In his sole issue, Appellant argues that the findings contained in the trial court's order are not supported by the record because the record did not contain a written response from the State. At the time Appellant filed his brief, the State's response to his motion was not included in the clerk's record, despite being referenced in the trial court's order and filings by trial counsel. However, after Appellant filed his brief, the appellate record was supplemented to include the State's response.[1]

**Standard of Review and Applicable Law**

Generally, when a trial court denies a motion for forensic DNA testing, we apply a bifurcated standard in conducting our review. *See Holberg v. State*, 425 S.W.3d 282, 284-85 (Tex. Crim. App. 2014). We give almost total deference to the trial court's resolution of questions of historical fact and application of law to fact issues that turn on witness credibility and demeanor, but we consider de novo all other application of law to fact questions. *Id.* at 285. But when, as here, the trial court denies a motion for forensic DNA testing without a hearing, we review the trial court's ruling de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); *see also Russell v. State*, 170 S.W.3d 732, 733-34 (Tex. App.—Waco 2005, no pet.).

A defendant is not entitled to DNA testing unless (1) evidence exists and is in a condition for DNA testing; (2) identity was an issue in the case; (3) the defendant establishes by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing; and (4) the request is not made to unreasonably delay the execution of sentence or administration of justice. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a) (West Supp. 2014).

A defendant who pleaded guilty, or made a confession or similar admission in the case, may submit a motion under Chapter 64, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea, confession, or admission.

---

[1] In his brief, Appellant candidly states, "Appellant concedes that if the State did offer a written response, as appears likely, the record is ultimately supplemented with the same, and that response supports the trial court's findings, this argument would fail."

2

*See* TEX. CODE CRIM. PROC. ANN. art. 64.03(b). A defendant satisfies his burden of proving that he would not have been convicted if the DNA testing provided exculpatory results "if the record shows that exculpatory DNA test results, excluding the defendant as the donor of the material, would establish, by a preponderance of the evidence, that the defendant would not have been convicted." ***Ex parte Gutierrez***, 337 S.W.3d 883, 899 (Tex. Crim. App. 2011).

**Discussion**

In his amended motion for forensic DNA testing, Appellant argued that he would not have pleaded guilty and would not have subsequently been found guilty of the offenses with which he was charged if exculpatory results had been obtained through DNA testing. He stated that, had he "known there was no DNA evidence connecting him with the items used in the commission of the offense, [it] would have resulted in a different plea at the time of trial."

The State's response to Appellant's motion for DNA testing listed the following items that had been swabbed for DNA analysis: a calculator; a "tire iron" a crowbar; the head and handle of a sledge hammer; and the trigger, hammer, breach button, forearm, and stock of a shotgun. A hair was recovered from a shotgun case, but it was never tested. The results of DNA testing were not included in the State's response. The State explained that the swabs had not been submitted for "additional testing" "apparently since the cases were essentially solved by police within two days of the robbery and all of the defendants ple[aded] guilty."

The State attached the Tyler Police Department property inventory and property report to its response.[2] The property report showed that the swabs of each of the items had been destroyed, but did not indicate the disposition of the hair that had been recovered. According to the property report, the only items of evidence remaining in the Department's possession are (1) two bags and their contents; (2) a coat with black sleeves; (3) a hooded zip-up sweatshirt; and (4) several recordings of video surveillance, statements, and photographs. The property inventory indicates that the two bags, their contents, and the coat with black sleeves were seized from Andrew Aybar, and the zip-up sweatshirt was seized from Justin Johnson—two of Appellant's codefendants.

The significance of Aybar's and Johnson's clothing was noted in the arrest warrant affidavit that was attached to the State's response. According to the affidavit, video surveillance

---

[2] The "property inventory" is identified in the State's response as "property sheets" that were filled out in January and February 2009.

showed Aybar and Johnson wearing these items when they committed aggravated robbery at a Tyler convenience store, and video footage from the Tyler Junior College dorms showed Appellant entering a room where Aybar and Johnson had entered shortly after the robbery. The affidavit also included a summary of an interview with codefendant Johnson. In that interview, Johnson confirmed that they had used Appellant's vehicle during the robbery, and that Appellant was in the vehicle while he (Johnson) and Aybar robbed the convenience store.

In its order denying Appellant's DNA request, the trial court does not make any findings or conclusions regarding identity. The trial court found that the only remaining items that could contain biological material were the two bags, their contents, and the coat seized from Aybar, and the zip-up sweatshirt seized from Johnson. The trial court concluded that Appellant did not establish by a preponderance of the evidence that he would not have been convicted because (1) the items available for testing belonged to Appellant's codefendants and (2) the fact that Appellant's DNA was not on someone else's property would not prove his innocence.

Although not mentioned in the State's response or the trial court's order, we note that Appellant's indictment for evading arrest (cause number 12-14-00098-CR) alleges a different date than that alleged in his indictments for organized criminal activity (cause number 12-14-00096-CR) and aggravated robbery (cause number 12-14-00097-CR). The aforementioned items were collected in relation to the offenses of organized criminal activity and aggravated robbery—not evading arrest.[3] Appellant has failed to show that any evidence subject to DNA testing was obtained that serves as the basis for his evading arrest conviction. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01(b) (West Supp. 2014); 64.03(a)(1)(A)(i). Thus, the trial court could not have found that there was any evidence relating to his evading arrest conviction (cause number 12-14-00098-CR) that "still exists and is in a condition making DNA testing possible" or that Appellant would not have been convicted of evading arrest "if exculpatory results had been obtained through DNA testing." *See id.* art. 64.03(a)(1)(A)(i), (a)(1)(B)(2)(A).

The record reflects that at least four individuals were involved in the aggravated robbery—Aybar and Johnson went inside the convenience store while Appellant and another individual remained in Appellant's vehicle. The evidence shows that the State's theory of Appellant's culpability was based on the law of parties because it is undisputed that Aybar and Johnson entered the convenience store. *See* TEX. PENAL CODE ANN. §§ 7.01, 7.02 (West 2011).

---

[3] Appellant's affidavits make no mention of his evading arrest conviction.

4

Consequently, Appellant has not shown that DNA test results excluding him as a donor pertaining to the two bags, their contents, and the other two articles of clothing would establish, by a preponderance of the evidence, that he would not have been convicted of engaging in organized criminal activity (cause number 12-14-00096-CR) or aggravated robbery (cause number 12-14-00097-CR). *See **Ex parte Gutierrez***, 337 S.W.3d at 899. We conclude that the trial court did not err by denying Appellant's request for postconviction DNA testing in each of Appellant's cases. Accordingly, we overrule Appellant's sole issue in these appeals.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's order denying Appellant's motion for forensic DNA testing.

**GREG NEELEY**
Justice

Opinion delivered February 11, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 11, 2015**

**NO. 12-14-00096-CR**

**DEMARIA TRAVAR WOODS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0549-09)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 11, 2015**

**NO. 12-14-00097-CR**

**DEMARIA TRAVAR WOODS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0550-09)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 11, 2015**

**NO. 12-14-00098-CR**

**DEMARIA TRAVAR WOODS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0551-09)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*