# NO. 12-18-00232-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AARON LAMON MUSE, APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Aaron Lamon Muse, acting pro se, challenges the trial court's denial of his motion for DNA testing. We affirm.

## BACKGROUND

In October 2009, a jury convicted Appellant of aggravated robbery and assessed a punishment of life in prison. This Court affirmed his conviction. *See Muse v. State*, No. 12-09-00370-CR, 2011 WL 2140349 (Tex. App.—Tyler May 31, 2011, pet. ref'd) (mem. op., not designated for publication).

On July 30, 2018, Appellant filed a motion for DNA testing of a revolver, gloves, and a ski mask. On August 2, the trial court denied Appellant's motion, stating that the items were tested for DNA and returned to Appellant. The trial court also concluded that (1) Appellant failed to establish that he would not have been convicted if exculpatory results were obtained through DNA testing, and (2) the motion failed to comply with Chapter 64 of the Texas Code of Criminal Procedure. Additionally, the trial court noted that the Texas Court of Criminal Appeals denied Appellant's application for writ of habeas corpus on March 6, 2013.[1] This proceeding followed.

---

[1] *Ex parte Muse*, WR-28,695-13 (Tex. Crim. App. Mar. 6, 2013) (habeas corpus relief denied without written order).

## DNA TESTING

In three issues, Appellant challenges the trial court's findings that (1) the items of evidence were tested for DNA and the same returned to Appellant, (2) Appellant failed to establish that he would not have been convicted if exculpatory results were obtained through DNA testing, and (3) his motion failed to comply with Chapter 64.

### Standard of Review and Applicable Law

When, as here, the trial court denies a motion for forensic DNA testing without a hearing, we review the trial court's ruling de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005); *see also Russell v. State*, 170 S.W.3d 732, 733–34 (Tex. App.–Waco 2005, no pet.).

As pertinent to the present case, a convicted person may move for DNA testing of evidence containing biological material that was in the State's possession during trial (1) if that evidence was not previously subjected to DNA testing or (2) if it was previously tested, but can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test. TEX. CODE CRIM. PROC. ANN. art. 64.01(b) (West Supp. 2017). To be entitled to the testing, the convicted person must also show that (1) the evidence is available for testing, (2) it has been subjected to a sufficient chain of custody to establish that it has not been altered in any material way, (3) identity was or is an issue in the case, and (4) by a preponderance of the evidence, he would not have been convicted if exculpatory results had been obtained through DNA testing and that the request is not made to unreasonably delay the execution of sentence or administration of justice. *See id.*, art. 64.03(a) (West Supp. 2017); *see also Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App. 2004).

"The identity requirement in Chapter 64 relates to the issue of identity as it pertains to the DNA evidence." *Prible v. State*, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008). To be entitled to the testing, the convicted person must demonstrate that the DNA testing would determine the identity of the perpetrator or would exculpate the accused. *Id.*

Exculpatory evidence is that "tending to establish a criminal defendant's innocence." *Watkins v. State*, 155 S.W.3d 631, 634 (Tex. App.–Texarkana 2005, no pet.). A convicted person does not satisfy his burden if the DNA evidence would "merely muddy the waters." *Id.* DNA testing must outweigh all other evidence of the convicted person's guilt. *Id.*; *see also Hood v. State*, 158 S.W.3d 480, 483 (Tex. Crim. App. 2005) (holding that even if DNA testing showed presence of another person at crime scene, defendant failed to establish by

2

preponderance of the evidence that he would have been acquitted on that basis given other evidence of defendant's involvement in the crime).

**Analysis**

We begin by addressing Appellant's third issue, which is dispositive. According to Appellant, the trial court erred by denying his motion for failure to comply with the requirements of Chapter 64. We disagree.

Appellant's DNA was previously determined to be on the ski mask, gloves, and revolver that he now seeks to have tested. *See* **Muse**, 2011 WL 2140349, at 6.[2] Accordingly, to be entitled to re-testing of these items, Chapter 64 required Appellant to show that they can be subjected to testing with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test. TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2). And under Article 64.01(a-1), Appellant was required to furnish a sworn affidavit containing statements of fact in support of his motion. *See* **id**. art. 64.01(a-1).

In his motion for DNA testing, Appellant argued that the State's DNA expert mischaracterized evidence at trial, her testimony is the equivalent to never having performed the analysis, and her testimony was inconsistent, false, misleading, and amounts to aggravated perjury. Appellant specifically took issue with the expert's (1) failure to identify the type of biological evidence obtained, such as blood, semen, saliva, or urine, and (2) testimony that he could not be excluded as a contributor of the DNA found on the tested items. He alleged that identity was an issue at trial, the case against him was purely circumstantial, and exculpatory DNA testing excluding him as a donor of DNA found on the revolver, gloves, and ski mask, would establish his innocence. Appellant requested that his DNA sample be compared to DNA taken from the gloves, ski mask, and revolver to reveal the type of biological evidence, if any, extracted from those items and belonging to or matching his DNA. In an unsworn affidavit declaration attached to his motion, Appellant briefly reiterated the arguments contained in his motion.

However, at no time did Appellant discuss what new techniques are available for retesting the revolver, gloves, and ski mask or present a basis for concluding that any such new techniques would yield more probative results. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1); *see also* **Fothergill v. State**, No. 05-15-00862-CR, 2016 WL 1435658, at \*3 (Tex. App.—Dallas Apr. 11,

---

[2] An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties. *See* **Fletcher v. State**, 214 S.W.3d 5, 7 (Tex. Crim. App. 2007).

2016, pet. ref'd) (mem. op., not designated for publication) (failure to comply with Article 64.01(b)(2)); *Sadler v. State*, No. 10-15-00136-CR, 2015 WL 7074577, at *1 (Tex. App.—Waco Nov. 12, 2015, pet. ref'd) (mem. op., not designated for publication) (Sadler did not expressly set forth a specific newer technique in his motion or affidavit; thus, he did not set forth statements of fact necessary to support his motion). By failing to demonstrate that the previously tested evidence could be retested with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous testing, Appellant failed to comply with Chapter 64. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2); *see also Fothergill*, 2016 WL 1435658, at *3; *Sadler*, 2015 WL 7074577, at *1. Thus, we conclude that the trial court properly denied Appellant's motion for DNA testing on this basis. We overrule issue three and need not address Appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having overruled Appellant's third issue, and without the need to address his first and second issues, we *affirm* the trial court's order denying Appellant's motion for DNA testing.

JAMES T. WORTHEN
Justice

Opinion delivered February 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2019**

**NO. 12-18-00232-CR**

**AARON LAMON MUSE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0413-09)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*