# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00292-CR

### In re Luke Masood Arabzadegan

### FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-02-500454, THE HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Luke Masood Arabzadegan is serving a forty-five-year sentence for murder. Tex. Penal Code §§ 12.32, 19.02. He appeals the trial court's denial of his motions for postconviction forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure and appointment of counsel for the Chapter 64 proceeding. *See* Tex. Code Crim. Proc. arts. 64.01(a-1), (c). We will affirm the order of the trial court.

## BAKGROUND

In 2005, appellant pleaded guilty to murder and was sentenced by the trial court to forty-five years' confinement. *See Arabzadegan v. State*, 240 S.W.3d 44, 47 (Tex. App.—Austin 2007, pet. ref'd). On appeal, this Court affirmed the conviction. *Id*. at 56.

On April 24, 2020, appellant filed a motion seeking postconviction DNA testing and a Request for Appointment of Counsel Pursuant to Texas Code of Criminal Procedure

Chapter 64, as well as a premature notice of appeal.[1]  *See* Tex. Code Crim. Proc. art. 64.01.  The

trial court denied the motion and request on May 18, 2020, and made the following findings

of fact:

1. Having failed to allege statements of fact in support of the motion, Applicant fails to establish that identity is an issue in this case.

2. Having failed to allege statements of fact in support of the motion, Applicant's motion for post-conviction DNA testing fails to show that any additional testing would produce exculpatory results that demonstrate that he would not have been convicted if these results had been presented at trial.

3. Having failed to allege statements of fact in support of the motion, Applicant fails to show that newer testing methods are available that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

4. Applicant has not established that a reasonable ground exists for the filing of a motion for post-conviction DNA testing.

In addition, the court made the following conclusions of law:

1. With regard to Applicant's motion for post-conviction DNA testing, the requirements of Article 64.03 of the Texas Code of Criminal Procedure have not been satisfied.  *See* Tex. Code Crim. Proc. art. 64.03(a)(1)(C), (a)(2)(A). As a consequence, this Court does not have the authority to order post-conviction DNA testing.  *See* Tex. Code Crim. Proc. art. 64.03(a).

2. The requirements of Article 64.01(b)(2) of the Texas Code of Criminal Procedure have not been satisfied.  *See* Tex. Code Crim. Proc. art. 64.01 (b)(2). As a consequence, this Court is not required to order retesting.  *See id.*

3. The requirements of Article 64.01(c) of the Texas Code of Criminal Procedure have not been satisfied.  *See* Tex. Code Crim. Proc. art. 64.01(c).  As a consequence, this Court is not required to appoint counsel.  *See id.*

---

[1]  A prematurely filed notice of appeal is effective and deemed filed on the same day, but after, the appealable order is signed by the trial court.  Tex. R. App. P. 27.1(b).

2

The trial judge signed a Certification of Defendant's Right to Appeal on May 20, 2020. The certification included the stamped notation, "Regarding Order Denying Motions for DNA Testing and Appointment of Counsel signed on 5/18/2020." Below the notation, however, the trial judge initialed next to the option that this "is a plea bargain case, and the defendant has NO right of appeal." To resolve the contradiction, this Court abated and remanded the case for entry of an amended certification. *In re Arabzadegan*, No. 03-20-00292-CR, 2020 WL 3686834, at \*1 (Tex. App.—Austin July 3, 2020, no pet.) (mem. op., not designated for publication). On July 7, 2020, the trial court entered an amended certification confirming appellant's right to appeal the order denying his motions.

## DISCUSSION

Liberally construing his briefing,[2] we understand appellant to raise six issues on appeal: (1) the State is withholding exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) his guilty plea was involuntary; (3) he is actually innocent; (4) he was unlawfully deprived of copies of records in the case; (5) the trial court abused its discretion by denying his motion for forensic DNA testing; and (6) the trial abused its discretion by denying his request for appointment of counsel.[3]

---

[2] *See id.* 38.9.

[3] To the extent appellant raises new arguments in his reply brief, we do not consider them. See Tex. R. App. P. 38.3 (stating that appellant may file reply brief addressing any matter in appellee's brief); *Barrios v. State*, 27 S.W.3d 313, 322–23 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (concluding argument raised in reply brief went beyond scope of Tex. R. App. P. 38.3).

3

**Jurisdiction**

"A threshold issue in any case is whether the court has jurisdiction to resolve the pending controversy." *Reger v. State*, 222 S.W.3d 510, 512 (Tex. App.—Fort Worth 2007, pet. ref'd) (citing *State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 894 (Tex. Crim. App. 2002)). Chapter 64 provides a means by which a convicted individual may obtain postconviction DNA testing. *See generally* Tex. Code Crim. Proc. arts. 64.01–.05. It is "simply a procedural vehicle for obtaining evidence 'which might then be used in a state or federal habeas proceeding,'" not an "invitation to review every potential error in the underlying trial proceedings." *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.) (quoting *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005)). As such, Chapter 64 does not afford us jurisdiction to entertain collateral attacks on the underlying judgment or, indeed, to go beyond the scope of the Chapter's provisions. *Reger*, 222 S.W.3d at 512. We cannot, "under the guise of a DNA testing appeal," consider matters which should have been addressed on direct appeal. *Id*. at 513; *see Weems v. State*, 550 S.W.3d 776, 782 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Appellant's first four issues fall outside the scope of Chapter 64, and therefore we lack jurisdiction to consider them. His claims concerning actual innocence[4], the voluntariness of his plea, and the withholding of evidence are indirect attacks on the validity of his underlying conviction. Similarly, his allegation that he was improperly denied copies of records across a

---

[4] To the extent appellant intends his claim of actual innocence as an "assertion that there is at least a 51% chance that he would not have been convicted" had the DNA results been exculpatory, the argument is addressed below. *See Smith v. State*, 165 S.W.3d 361, 365 (Tex. Crim. App. 2005) (construing claim of actual innocence in context of pro se Chapter 64 motion).

4

handful of cases is not cognizable in this proceeding. Accordingly, we dismiss appellant's first four issues for want of jurisdiction.

**Motion for DNA Testing**

We review a trial court's decision to deny a motion for postconviction DNA testing under a bifurcated standard of review. *Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017); *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Under this standard, we afford almost total deference to a trial court's determination of issues of historical fact and its application of the law to fact issues that turn on determinations of witnesses' credibility and demeanor, but we review de novo the trial court's application of the law to fact issues that do not turn on determinations of witnesses' credibility and demeanor. *Reed*, 541 S.W.3d at 768–69; *Holberg v. State*, 425 S.W.3d 282, 284–85 (Tex. Crim. App. 2014). However, where, as here, the trial record and affidavit of appellant are the only sources of information supporting the motion, the trial court is in no better position than we are to make its decision, and we review the issues de novo. *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005) (because trial court did not hold live hearing on request for DNA testing, reviewing court conducted de novo review as trial court was in no better position to determine issues).

There is no free-standing due-process right to DNA testing. *Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011). Under Chapter 64 of the Code of Criminal Procedure, "[a] convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material." Tex. Code Crim. Proc. art. 64.01(a-1). Several requirements must be met in order to obtain DNA testing under Chapter 64, and the convicting court may order forensic DNA testing only if the

5

statutory preconditions are met. *See id*. arts. 64.01, .03; *see also Hall v. State*, 569 S.W.3d 646,

655 (Tex. Crim. App. 2019) (confirming that to be entitled to postconviction DNA testing, "a

convicted person must satisfy the requirements of Chapter 64 of the Code of

Criminal Procedure"); *cf. Gutierrez*, 337 S.W.3d at 889 (summarizing statutory requirements of

Chapter 64).

The convicting court may order DNA testing only if the court finds that:

1.  the evidence "still exists and is in a condition making DNA testing possible";

2.  the evidence "has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect";

3.  "there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and"

4.  "identity was or is an issue in the case[.]"

*Ramirez v. State*, 621 S.W.3d 711, 717 (Tex. Crim. App. 2021) (quoting Tex. Code Crim. Proc.

art. 64.03(a)(1)).  In addition, the convicted individual must establish by a preponderance of the

evidence that:

1.  he "would not have been convicted if exculpatory results had been obtained through DNA testing; and"

2.  "the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice."

*Id*. at 717–18 (quoting Tex. Code Crim. Proc. art. 64.03(a)(2)).  With respect to the penultimate

requirement, "exculpatory results" mean only "results excluding the [convicted person] as

6

the donor of [the biological] material." *Holberg*, 425 S.W.3d at 287 (internal quotation marks omitted).

Alternatively, when requesting retesting of evidence, the convicted person must show that although previously subjected to DNA testing, the evidence "can be subjected to testing with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." *See* Tex. Code Crim. Proc. art. 64.01(b)(2); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002). Moreover, the reviewing court must assume without deciding that "the results of all of the post-conviction DNA testing to which the appellant is entitled under Article 64.01(b) would prove favorable to her." *Routier v. State*, 273 S.W.3d 241, 257 (Tex. Crim. App. 2008).

To meet the burden of the Chapter 64 requirements, the convicted person must provide statements of fact in support of his claims; general, conclusory statements are insufficient. *See Routier*, 273 S.W.3d at 255; *Dinkins*, 84 S.W.3d at 642; *see also Swearingen v. State*, 303 S.W.3d 728, 732 (Tex. Crim. App. 2010) (stating that "a mere assertion or a general claim" will not satisfy Chapter 64 burden).

In reviewing the trial court's denial of appellant's motion, we are limited to the record that was before the court at the time of its ruling. *See McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010) ("A reviewing court may not consider facts that were not developed in the record."); *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) ("an appellate court's review of the record itself is generally limited to the evidence before the trial court at the time of the trial court's ruling"); *Dominguez v. Gilbert*, 48 S.W.3d 789, 794 (Tex. App.—Austin 2001, no pet.) ("We must determine a case on the record as filed."). We cannot assume or

7

speculate about the contents of exhibits or other materials not contained in the appellate record. *See Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007). Likewise, we cannot accept as fact allegations or assertions in an appellate brief unsupported by the record. *See Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981); *State v. Pierce*, 816 S.W.2d 824, 831 n.8 (Tex. App.—Austin 1991, no pet.); *see also Hailey v. State*, 413 S.W.3d 457, 491 (Tex. App.—Fort Worth 2012, pet. ref'd) ("Mere assertions in a brief not supported by the record will not be considered on appeal.").

In his motion for postconviction DNA testing, appellant requested that the following items be tested:

1. The sexual-assault kit used on the decedent's body;

2. The latent fingerprints taken from the decedent's body;

3. Any latent fingerprints discovered within the decedent's residence;

4. January 07, 2016, Travis County District Attorney Lehmberg sent Movant a letter (see 03rd Court Of Appeals Brief for Cause No.: 03-l9-00728-CR, Exhibit-D1."), informing him of an error with the DNA-mixed-batch-testing, and Movant seeks to have this evidence retested; [and]

5. Any other evidence in the State's possession that is available for testing and relevant to Texas Code [o]f Criminal Procedure, arts.' 38.35, 38.36, 38.43, 64.01, 64.03, 64.035, & 64.04.

Describing the items as "exculpatory and material evidence," appellant claims that they were "secured in relation to . . . the challenged conviction" and "previously subjected to DNA Testing."[5] Without providing evidence or argumentation, he asserts that the items "can

---

[5] A motion for forensic DNA testing must be accompanied by "an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion." Tex. Code Crim.

now be subjected to testing with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test(s)." He then briefly cites an affidavit from Dr. Henry J. Bonnell, who has agreed to consultation concerning the testing.

After the trial court denied his motion on May 18, 2020 and found that he had "failed to allege statements of fact in support of the motion," appellant filed a response and affidavit addressing the court's findings and conclusions, as well as the arguments raised in the State's opposition to the motion. In his response, appellant for the first time offered a list of factual "stipulations," alleged that the items to be tested were in the State's possession, proffered a theory that the offense had been committed by "alternate perpetrator(s)," and claimed that he would not have been convicted "if the exculpatory results had been obtained through DNA testing." He expanded on these and other arguments in his appellate brief, in which he continued to present novel factual allegations. In addition, both appellant's affidavit and brief repeatedly cite records, exhibits, and briefs from other cause numbers that are not in the record before us.

In reviewing the trial court's decision for an abuse of discretion, we may not consider these attempts to further develop the factual record following the court's ruling.

Proc. art. 64.01(a-1); *see Dunning v. State*, 572 S.W.3d 685, 697 (Tex. Crim. App. 2019) (explaining that defendant "must include an affidavit" when filing motion to obtain DNA testing). Although appellant does not include an affidavit with his motion, it contains a jurat beneath the heading "Affidavit" swearing that all "allegations of fact" in the motion "are true and correct." We have previously held that similar language is sufficient to satisfy Article 64.01(a-1). *See In re Fain*, 83 S.W.3d 885, 889 n.4 (Tex. App.—Austin 2002, no pet.); *see also In re Padilla*, No. 03-19-00388-CR, 2021 WL 126779, at *4 n.8 (Tex. App.—Austin Jan. 14, 2021, pet. ref'd) (mem. op., not designated for publication); Tex. Civ. Prac. & Rem. Code § 132.001(a) (allowing "unsworn declaration" to be used in lieu of affidavit). Appellant's declaration substantially complies with the statutorily prescribed declaration form. *See* Tex. Civ. Prac. & Rem. Code § 132.001(e) (setting out prescribed declaration form for inmate).

*Whitehead*, 130 S.W.3d at 872. At the time of its ruling, the trial court had before it only appellant's motion. The factual assertions therein—that the evidence is exculpatory, was previously subjected to DNA testing, and can now be tested with newer techniques offering more accurate and probative results—are wholly conclusory, general, and unsupported by the record. *Swearingen*, 303 S.W.3d at 732. More significant for purposes of our review is what was not included in the motion. Appellant does not demonstrate that the evidence he wishes to be tested or retested is in the State's possession, is able to be tested, has been subjected to the proper chain of custody, or contains biological material suitable for testing. Tex. Code Crim. Proc. art. 64.03(a). Similarly, he does not allege that identity was or is at issue in the case,[6] that he would not have been convicted if exculpatory DNA testing results had been obtained, or that the request was not made for purposes of delay. *Id.* Indeed, with respect to items four and five, appellant fails even to identify the evidence to be tested or retested. *See Jones v. State*, 161 S.W.3d 685, 688 (Tex. App.—Fort Worth 2005, pet. ref'd) ("To meet the requirements of article 64.01, an appellant must clearly state, at a minimum, what evidence he wants tested." (citing *Dinkins*, 84 S.W.3d at 642)).

Insomuch as appellant requests that the listed items be retested, he provides no evidence that the items have been previously subjected to DNA testing, nor does he offer evidence, a description, or an explanation of the "new testing techniques" that would ostensibly afford a reasonable likelihood of more accurate and probative results. *See* Tex. Code Crim. Proc.

---

[6] In an interview with police on March 25, 2005, appellant admitted his guilt and confessed that he had tased the victim in the underlying murder case, robbed him of his laptop, and gagged him with socks, leading to his death. The stun gun and laptop were later recovered by officers.

art. 64.01(b)(2); *see, e.g.*, *Routier*, 273 S.W.3d at 251 (holding that convicted person's motion satisfied article 64.01(b)(2) by including affidavit from expert who stated that current "clean up" procedures were better than prior techniques and would make it more likely that retesting would yield result when prior testing did not). As concerns his allegation that certain evidence in the case was subjected to erroneous mixed-batch-testing, appellant does not include with his motion a copy of the letter he alleges informed him of the error. The sole evidence in the record pertaining to the accuracy of the DNA testing conducted in appellant's case was provided by the State. In a report from the Texas Department of Public Safety ("DPS"), a DPS forensic scientist noted only that "[t]his case was evaluated in accordance with the Criteria for the Evaluation of DNA Mixture Interpretation document issued by the Texas Forensic Science Commission on 10/15/2015. CPI[7] was not used for statistical analysis in this case[;] therefore reinterpretation may not be necessary."

Because appellant failed to carry his burden to establish his entitlement to DNA testing under Articles 64.01(b)(2) and 64.03(a), the trial court did not abuse its discretion in denying his Chapter 64 motion for postconviction forensic DNA testing. *See Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002) (recognizing that "a court must order testing only if the statutory preconditions are met"). We overrule appellant's fifth issue.

---

[7] CPI seemingly refers to the Combined Probability of Inclusion, a problematic method for analyzing mixtures of DNA, whose use has been found to be foundationally invalid. *See* § 30:14. Current objections to DNA admissibility—Mixtures, 4 Mod. Sci. Evidence § 30:14 (2020–2021 Edition) (quoting President's Council of Advisors on Science and Technology (PCAST) (2016), *Forensic Science in the Criminal Courts: Ensuring Scientific Validity of Feature-Comparison Methods*, Executive Office of the President, Washington, D.C.).

**Appointment of Counsel[8]**

"An indigent convicted person intending to file a motion for postconviction forensic DNA testing has a limited right to appointed counsel." *Gutierrez*, 337 S.W.3d at 889; *see* Tex. Code Crim. Proc. art. 64.01(c) (stating requirements for appointment of counsel). Entitlement to counsel in a Chapter 64 proceeding is determined by three criteria: (1) the convicted person must inform the trial court that he or she wishes to submit a motion for DNA testing; (2) the trial court must find that "reasonable grounds" exist for filing a motion; and (3) the trial court must find that the convicted person is indigent. *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010).

Though a convicted person need not prove entitlement (or a prima facie case of it) to DNA testing as a precondition for obtaining appointed counsel, whether "reasonable grounds" exist for testing necessarily turns on what is required for testing. *Gutierrez*, 337 S.W.3d at 891. Reasonable grounds exist when the facts as stated in the request for counsel or otherwise known to the trial court "reasonably suggest that a 'valid' or 'viable' argument for testing can be made." *Id*. Basic requirements for finding reasonable grounds are that biological evidence exists, the evidence is in a condition to be tested, the identity of the perpetrator was or is an issue, and this is the type of case in which exculpatory DNA results would make a difference. *Id*.

---

[8] This Court previously denied appellant's June 10, 2020 "motion" in which he sought to appeal the trial court's denial of his request for appointed counsel. The Court of Criminal Appeals ("CCA") has held that such an order is not "immediately appealable," and the "better course" is for a convicted person to raise alleged errors regarding the denial of counsel as part of the appeal of the denial of the motion for DNA testing. *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010). While the CCA's holding contemplated a circumstance in which an appellant attempted to appeal the refusal to appoint counsel prior to initiating Chapter 64 proceedings, which is not the case here, we will, for the sake of adhering to the CCA's recommended practice, address the issue on the record now present before us.

As discussed above, we have already concluded that appellant failed to satisfy the statutory prerequisites for DNA testing or retesting under Chapter 64. *See* Tex. Code Crim. Proc. arts. 64.01(b)(2), .03(a). Similarly, appellant did not establish "reasonable grounds" to file a motion for DNA testing. *See id.* art. 64.01(c); *Lewis v. State*, 191 S.W.3d 225, 228–29 (Tex. App.—San Antonio 2005, pet. ref'd) ("If a convicted person who bears the burden of satisfying the requirements of Chapter 64 fails to meet the preconditions to obtaining post-conviction DNA testing, he has failed to set forth reasonable grounds to file a motion and, therefore, is not entitled to the appointment of counsel."). Consequently, we conclude that the trial court's denial of appellant's motion for appointment of counsel was not error. *See Weems*, 550 S.W.3d at 781 (determining that trial court did not err by denying request for appointment of counsel under Chapter 64 when convicted person "failed to demonstrate" that "the statutory preconditions to obtaining DNA testing" were met); *In re Ludwig*, 162 S.W.3d 454, 455 (Tex. App.—Waco 2005, no pet.) (stating that even if convicting court determines that convicted person is indigent, court is not required to appoint counsel if it found there were no reasonable grounds for motion for forensic DNA testing to be filed).

Because appellant did not satisfy the statutory requirements for the appointment of counsel during a Chapter 64 proceeding, the trial court did not abuse its discretion in denying his motion for appointment of counsel. Thus, we overrule appellant's sixth issue.

**CONCLUSION**

Having dismissed or overruled each of appellant's issues, we affirm the order of the trial court.

13

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed

Filed:  November 23, 2021

Do Not Publish